## The People *vs.* L. A. Spalding.

## The Same *vs.* A. H. Spalding.

An affidavit to set aside proceedings for irregularity, should be made either by the party or his solicitor. The affidavit of the counsel is not sufficient, unless an excuse is shown for dispensing with the affidavit of the party or the solicitor.

An affidavit may be sworn to before any proper officer, although he is counsel for one of the parties, or is a partner of the solicitor in the cause.

The rule prohibiting the solicitor or attorney of a party from taking the affidavit is confined to the solicitor or attorney on record.

The provision of the revised statutes prohibiting a master from acting as such in a cause in which he is counsel, does not extend to the mere taking of an affidavit.

The breach of an injunction regularly issued is a contempt of court; and in a proceeding against a party for such contempt, the court will not look into the merits of the cause in which the injunction issued.

The revised statutes have made it the duty of the court, in a proceeding by attachment to enforce the civil remedies or to protect the civil rights of parties, to impose a fine sufficient at least to indemnify the relator for the injury sustained by the contempt, and to satisfy his costs and expenses.

March 1st.

THESE causes came before the chancellor on two several appeals from decisions of the vice chancellor of the 8th circuit. The proceedings in each cause were substantially the same. The first appeal was from an order in each case by which the vice chancellor refused a motion made by the defendants to set aside the attachment issued against them for a breach of an injunction in a cause in which S. R. Hathaway and others were complainants. The other was from the final order and decision of the court declaring them guilty of a contempt by a breach of the injunction; and adjudging them to pay a fine of $25 each, together with the costs of the proceedings against them respectively. The questions raised by the appeals are stated in the opinion of the chancellor. The appeals were submitted on written briefs.

*M. T. Reynolds & A. Sampson,* for appellants.

*B. F. Butler & V. Matthews,* for respondents.

THE CHANCELLOR. The question raised by the first ap-
peal in each of these causes is whether the attachments were
regularly issued on affidavits sworn before Hiram Gardner,
a master in chancery at Lockport. It may be proper to re-
mark that the affidavit, on which the motions to quash the at-
tachments were founded, was wholly insufficient. It was not
made by the defendants or their solicitor, but by their coun-
sel. He does not pretend to have any knowledge of the
facts on which the exception was founded, except from hear-
say ; and no excuse is offered why the affidavit was made by
the counsel instead of his clients, from whom the information
was probably obtained. If the defendants believed the infor-
mation was true, there appears to be no good reason why
the affidavit was not sworn to by themselves. By the affida-
vit of one of the relators it appears that the information that
Gardner was counsel for the complainants in the suit was not
correct. He drew the affidavits and took the oath of the de-
ponents to the same at the request of the relators, and in
pursuance of the instructions of the solicitor and counsel in
the cause, who resided about 60 miles from the place where
the witnesses were found.

If the suggestion contained in the affidavit had been cor-
rect, the fact that an officer before whom an affidavit was
taken is counsel for the party, is not a valid objection, if he
is not the solicitor or attorney on record. The rule which
excludes an affidavit taken before the attorney is merely tech-
nical, and has never in this state been extended beyond the
case of the attorney or solicitor on record. In *Willard* v.
*Judd,* ( 15 John. R. 531,) the supreme court refused to ex-
tend the principle to the counsel in the cause. And in *Hal-
lenback* v. *Whitaker,* ( 17 id. 2, ) the same court decided that
it did not extend to the partner of the attorney on record,
although he was interested in the profits of the business.
The supreme court reluctantly consented to adopt the rule
in the case of *Taylor* v. *Hatch,* because they found the prac-

tice to be thus settled in the court of king's bench. But the latter court has never extended the rule beyond the attorney on record ; and in *Goodtitle* v. *Badtitle*, (8 Term. Rep. 638,) that court held that it did not extend to an affidavit taken before the clerk of the attorney on record. (See also *Cocksedge* v. *Rickwood*, in C. P. Barnes, 45, S. P.) In *Read* v. *Cooper*, the court of common pleas in England held that an affidavit taken before the attorney in fact of the party in the country, but who was not the attorney on record, might be used in the cause. (2 Rose's Rep. 127.) The same distinction was again recognized in that court in *Williams* v. *Hockin*, (8 Taunt. 437,) where Gibbs, Ch. J. observes : "We are of opinion that there is no objection to this affidavit being received ; for the rule only says, the affidavit shall not be sworn before the attorney in the cause." The only case which I have been able to find carrying the objection any farther is *Batt* v. *Vaisey*, on the law side of the court of exchequer, (1 Price's R. 116,) in which an affidavit was rejected because it was sworn to before the partner of the attorney on record. But in a more recent case before the same court, *Smith* v. *Woodroffe*, 6 Price, 230,) the Lord Chief Baron decided that the rule which precludes the solicitor on record from taking an affiidavit in the cause did not apply to proceedings on the equity side of that court. A rule of the court has since been adopted, precluding the solicitor of the party, in a suit upon the equity side, from taking an affidavit. (9 Price's Rep. 478.) And in *Cooper* v. *Archer*, (12 id. 149,) the rule was extended to the actual solicitor for the party, although he was not one of the four attornies of that court, who alone can appear as such on the record. But in a still more recent case in the exchequer it was held that the rule did not extend to an affidavit of the service of process, or of a declaration of ejectment, which may be sworn to before the attorney or solicitor in the cause. So also in the king's bench, an affidavit to hold to bail may be sworn to before the attorney on record. The only cases in chancery which I have found, are *Ex parte Hogan*, (3 Atk. 813,) where the solicitor to a commission of lunacy was not permitted to take the affidavits on which to found the commission ; and *Ex parte Brockhurst*, (1 Rose's Rep. 145 ;) where

the same principle was applied to the case of the solicitor to a commission of bankruptcy. In no case, to my knowledge, has the rule been applied in chancery to any other than the solicitor on record. This also appears to be the rule in all the other courts in England, except in the exchequer where the restriction has recently been carried a little further, in consequence of the peculiar regulations of that court, in limiting the nominal attornies of the court to four.

As it is a mere technical rule, and as there was no pretence in these cases that any injury had resulted to the defendants by the affidavits being sworn to before the officer by whom they were prepared instead of resorting to another commissioner, the vice chancellor was bound to pursue the settled practice of the court as he found it. He had no power to adopt a different rule of practice, and would have been clearly in the wrong if he had set aside the attachments on this ground.

The provisions of the statute prohibiting masters from acting as such, in causes in which they are concerned as solicitor or counsel, was never intended to apply to the case of the mere taking of an affidavit; and even if they did, this case does not come within the prohibition. The orders refusing the motions to set aside the attachments must therefore be affirmed, with costs to be paid by the appellants.

The next question is upon the appeals from the final orders and decrees of the vice chancellor, adjudging the defendants guilty of a breach of the injunction. And here it may be proper to observe, that in deciding that question he had nothing to do with the merits of the cause in which the injunction issued. Neither can the chancellor take that question into consideration on this appeal. While the injunction remained in force, it was the duty of the vice chancellor to punish every breach thereof; and in no case can a defendant be permitted to disobey an injunction regularly issued, whatever may be the final decision of the court upon the merits of the cause. If there is not sufficient equity on the face of the bill to support the injunction, the proper course for the defendant is to apply at once for a dissolution, agreeably to the provisions of the 34th rule of the court; and

1831.

The People
v.
Spalding.

he may again move the court upon the coming in of his answer. In the decision of this appeal, it is therefore unnecessary for me to express any opinion upon the main question in the cause, which I have not yet had leisure sufficiently to examine; although upon the hearing of that appeal, I had a strong impression as to what must be the decision upon the general principles of equity.

As to the question whether there had been a breach of the injunction depended upon matters of fact principally, it is unnecessary to do more on this branch of the case than to state the conclusion at which I have arrived. By the terms of the injunction, the defendant and his agents were prohibited from turning away from the race leading to the complainant's mills, the whole or any part of the water leased to the complainants by the lessees of the surplus waters, on which the complainants had procured for the use of their mills; and also from using any part of the said water for the purpose of propelling the mills of the defendant. As the owners of the surplus waters only intended to permit so much water to pass from the canal into that channel as the complainants were entitled to under their lease, it is at least doubtful whether the using of any part of that water by the defendants was not a breach of this injunction. But even if they were authorized to take what was not really wanted by the complainants, it is evident from the testimony that the complainants' mills have not at all times had a full supply; by which they have sustained much damage. And this injury is clearly attributable to the diversion of the water by the defendants, in violation of the spirit as well as of the letter of the injunction.

The objection as to the extent of the fines imposed cannot be sustained. The statute has made it the duty of the court; in all cases of proceedings by attachment, to enforce the civil remedies and protect the civil rights of parties; to impose a fine sufficient at least to indemnify the relator, and to satisfy his costs and expenses. (2 R. S. 538, § 21.) Every person who reads the examinations and testimony in this case, must be satisfied that if the vice chancellor erred in relation to the amount of the fine, it was in not making it suffi-

ciently large to indemnify the complainants, as directed by the statute, for the damages' they had sustained by this misconduct of the defendants. It does not lie with the appellants, however to complain that the fine was much less than the law required the court to impose on them for the indemnity of the relators.

The final orders of the vice chancellor must therefor be affirmed, with costs.