
## PARKER *vs.* WILLIAMS.

Where an injunction is granted ex parte, upon the filing of the bill, it is irregular for the complainant to serve the injunction upon the defendant, without serving him with a subpœna to appear and answer. But such irregularity is waived by the defendant voluntarily appearing and answering the bill.

An application to set aside proceedings for a mere technical irregularity must be made the first opportunity.

Where exceptions to the answer, for insufficiency, are put in within the time prescribed by the 38th rule, a motion to dissolve the injunction, upon bill and answer, cannot be made until the expiration of the time for procuring the master's report on the exceptions.

THIS was an appeal from the order of the vice chancellor April 15. of the seventh circuit, dissolving the injunction which had been previously granted therein, with costs. From the affidavits read before the vice chancellor, it appeared that the injunction, which had been granted ex parte upon the filing of the bill, was served on the defendant and his attorney on the 12th of November, 1833 ; but no subpœna to appear and answer had ever been served. The defendant voluntarily appeared, on the sixteenth of December, and demanded a copy of the bill ; which was afterwards served on him, by the complainant's solicitor, within the time allowed for that purpose by the 35th rule. On the 29th of January, 1834, the defendant put in his answer, and at the same time served the complainant's solicitor with copies of affidavits and a notice of a motion, for the 11th of February, to dissolve the injunction, with costs. And on the 8th of the same month, the complainant excepted to the answer for insufficiency.

*G. A. Stansbury,* for the complainant.

*Julius Rhoades,* for the defendant.

THE CHANCELLOR. There was a technical irregularity in this case, in serving the defendant with the injunction without taking out and serving him, at the same time, with a subpœ-

na to appear and answer. (*Patrick* v. *Harrison*, 3 *Bro. C. C.* 476. *Attorney General* v. *Nichol*, 16 *Ves.* 338.) And if the application had been made the first opportunity, the injunction might have been dissolved on that ground. But this irregularity was waived by the defendant voluntarily appearing and putting in his answer. It was therefore too late for him to make the objection, after such a lapse of time; and after those proceedings had taken place. Where a party seeks to set aside the proceedings of his adversary, upon a mere technical irregularity, he must make his application the first opportunity he has for that purpose. (*Hart* v. *Small*, 4 *Paige's Rep.* 288. *Nichols* v. *Nichols*, 10 *Wend. Rep.* 560.) It appeared, upon the face the complainant's bill, that the suit at law was at issue at the time of obtaining the injunction; and in the absence of any proof to the contrary, I must presume the officer allowing the injunction did his duty, by requiring a bond and security, as directed by the statute, before the issuing of the injunction. If there was any irregularity in that respect, it should have been stated in the papers on which the application to dissolve the injunction was founded.

Exceptions to the answer for insufficiency being duly filed, within the time prescribed in the 38th rule, it was not in order to make the motion to dissolve the injunction on bill and answer, until after the time for procuring the master's report had expired. But if the vice chancellor was satisfied that the exceptions were put in for delay merely, he should have modified the injunction so as to have permitted the defendant to proceed to trial and judgment only, and without prejudice to the equitable rights of the complainant. There was sufficient equity, on the face of the bill, to sustain the injunction originally; and, as all the other grounds for the absolute dissolution thereof failed, the order of the vice chancellor, which is appealed from, was erroneous. It must, therefore, be reversed, with the costs of this appeal; and the defendant must refund to the complainant the costs which have been received under that order.

I see no valid objection, however, to a modification of the injunction, so far as to permit the defendant to proceed to trial and judgment in his suit at law, if he thinks proper to

proceed therein ; but without prejudice to the equitable rights of the complainant, if he finally succeeds in his suit in this court. The injunction must be modified accordingly.