### ISRAEL G. LASH

*vs.*

### FINDLEY McCORMICK.

Under *Sec.* 21 *of Ch.* 57 *of the Compiled Statutes*, an injunction could be allowed on complaint before the service of the summons in the action. If the summons in the action is not served, it will be ground for the dissolution of the injunction, but until dissolved the injunction is obligatory upon the party served therewith, and proceedings to foreclose a mortgage by advertisement enjoined by the writ are void.

The plaintiff, claiming to be the owner in fee simple of certain real estate in Ramsey county, brought this action in the district court for that county, to recover possession thereof.   The defendant answered, admitting his possession of the premises in question, and alleging that the plaintiff's title is based upon the pretended foreclosure of a certain mortgage on said premises, executed by the defendant to plaintiff.   He alleges that in 1864 the plaintiff was proceeding to foreclose such mortgage by advertisement, but that

Lash v. McCormick.

before such sale, he obtained a writ of injunction from the district court for said county, and caused the same to be served on the plaintiff's attorney in such proceedings, prohibiting the sale ; and that the sale was made notwithstanding such writ, and hence was void. He asks to have the sale adjudged void, and the certificate of sale cancelled. The cause was tried before the court without a jury. The facts appeared, as alleged by the defendant. It also appeared that the complaint and summons, in the action in which the writ of injunction was issued, were filed in the office of the clerk of the court, and the injunction allowed, by the court commissioner, on the 13th October, 1864, but that the summons was never served on the plaintiff (defendant in said action,) nor placed in the hands of an officer for service. The court found for the defendant, and directed judgment in his favor for costs, and that said sheriff's certificate of sale be canceled, &c. Judgment was entered, and the plaintiff appeals therefrom to this court.

Allis & Williams for Appellant.

Smith & Gilman, and Gaston & Lewis for Respondent.

*By the Court.*—McMillan, J.—The only point made by the appellant is, that the summons in the action in which the injunction was allowed, never having been served on the defendant, or delivered to the sheriff for service, no action was in fact commenced, and the writ of injunction was necessarily void, and the whole proceedings *coram non judice.*

It appears by the finding of the court below, that the complaint and summons were filed in the office of the clerk of the court, and the injunction allowed by the court com-

missioner on the 13th of October, 1864. The proceedings in question took place prior to the adoption of our present statutes ; their validity and regularity must therefore be determined by the provisions of the compiled statutes which were then in force.

It is a general rule in equity practice, in the absence of statutory provision, that a special injunction may be allowed on filing a bill. 3 *Danl. Ch. Pl. & Pr.*, 1717; *Parker vs. Williams*, 4 *Paige*, 439. If this rule was changed at the time the injunction was allowed in this case, it was by the act of March 5th, 1853, entitled "An Act to authorize the exercise of all equity jurisdiction in the form of civil actions, and for other purposes." *Comp. Stat., Ch.* 57, *Sec.* 19–33. *Sections* 21 *and* 22 expressly preserve writs of *ne exeat*, and injunction, and clearly recognize and confer the power to grant an injunction, both before, and after the formal commencement of an action by the service of a summons. *Sec.* 21 provides that an injunction may be granted "on complaint," and *Sec.* 22, that it may be granted "in the progress of an action."

The statute having expressly preserved the writs of *ne exeat* and injunction from the general abrogation of the chancery system, in the absence of express provision to the contrary, we must infer that the legislature intended to preserve these writs as they existed at the time of the passage of the statute.

The legislature in using the words "in all civil actions" in *Sec* 21, did not intend to prescribe that the writs mentioned could only be issued after the commencement of an action by the service of a summons, or the delivery of the summons for service, but intended to designate the nature or character of the class of remedies in the course of which a party might avail himself of the benefit of these writs. It

Lash v. McCormick.

is true that *Sections* 19 *and* 20 of the chapter referred to, prescribe that equity suits must be commenced by the like process as civil actions, and it is also true that in civil actions the court acquires jurisdiction only from the time of the service of the summons. *Comp. Stat., Ch.* 60, *Sec.* 59. But it cannot be doubted that the legislature has power to provide that the court may have jurisdiction to issue an injunction at one stage of the proceedings, while for other purposes, jurisdiction may not be acquired till another and subsequent time, as is done in the case of attachments, and in actions for the claim and delivery of personal property.

Conceding, for the purposes of this case, that under our statute in actions in chancery, the court acquires jurisdiction for the general purposes of the action only by the service of the summons, we see no reason why the statute, so far as this limitation upon the jurisdiction is concerned, should be held to embrace the issuing of a special injunction. The sections which assimilate the manner of commencing equitable suits to that in civil actions, likewise prescribe the same process, pleadings and proceedings in the former as in the latter; this would abrogate writs of injunction; but as they are expressly preserved by the subsequent sections 21 and 22, it is evident, that so far as the writ of injunction is concerned, it is not abolished, and that the language of the preceding section is qualified to this extent, and if qualified to preserve the writ, why not to preserve it as it existed at the time the act was passed? The remedy by injunction will not be so efficacious if it can only issue after the service of a summons, as it was at the time this act was passed. In order therefore to make this remedy efficacious in all cases to which it is in itself appropriate, it is necessary to permit its allowance by the court or judge " on complaint," as under the established practice in equity it was allowed on bill.

---

Lash v. McCormick.

---

We are of opinion, therefore, that it was not the intention of the legislature to limit the jurisdiction so as to prevent the allowance of an injunction previous to the service of the summons in the action, or to the delivery of the summons to the sheriff for service, but that the writ may be allowed " on complaint." There is then no objection to the injunction in this case on the ground that the writ was granted before the service of the summons.

But the service of the injunction without the service of a subpœna, would under the established rule in equity be irregular, and in such case the injunction would on motion be dissolved, but the proceedings are not void, and until dissolved, the injunction would be obligatory upon the defendant. *Attorney General vs. Nichol*, 16 *Ves.* 337; *Parker vs. Williams*, 4 *Paige*, 439; *Seever vs. Hess*, 5 *Ib.*, 86; *The People vs. Spaulding*, 2 *Paige*, 326; *Waffle vs. Vanderheyden*, 8 *Ib.*, 45; *Depeyster vs. Graves and others*, 2 *Johns. Ch.*, 148; *Corey vs. Voorhees et al.*, 1 *Green, ch.* 5; *West vs. Smith, Ib.*, 309; *Davis and others vs Reed*, 14 *Maryland R.*, 152.

The court commissioner in this case having had jurisdiction to grant the injunction, and the writ having been served prior to the mortgage sale, although the service was irregular for want of the service of the summons in the action, it was not void, and the injunction should have been obeyed until dissolved. The mortgage sale and subsequent proceedings thereunder were in violation of the injunction, and were void. The plaintiff therefore was not entitled to recover.

As this fully determines the case, we need not consider the further point made by the defendant. We therefore intimate no opinion upon that question.

The judgment appealed from is affirmed.