WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.
July, 1877.

## MARSHALL *v.* HITCHCOCK.

*In the matter of the accounting of* STEPHEN S. MAR-
SHALL, *administrator of the estate of* JOHN
HITCHCOCK, *deceased.*

It is no answer to an application to punish an administrator for contempt,
in not paying a distributive share to one of the next-of-kin, as ordered
by the Surrogate, that other persons claim the share as assignees of the
distributee named in the order. Unless prevented by some superior
authority, it was the administrator's duty to pay the money to the dis-
tributee named.

In a proper case, though no fine is imposed as such, the Surrogate may in-
demnify the moving party for his costs and expenses in proceedings to
punish for contempt, by imposing payment of a reasonable counsel fee.

THIS was a proceeding to punish an administrator
for contempt in disobeying a decree of the Surrogate,
entered *nunc pro tunc* as of the 8th of October, 1873.
The decree was entered upon a final accounting, and
directed Stephen S. Marshall, the administrator, to pay
to George Hitchcock, one of the next-of-kin of the intes-
tate, $671.47. Subsequently, a demand was properly
made on the administrator for the amount and interest,
which was not paid. An attachment was thereupon
issued against him, on which he was brought into
court, when interrogatories and answers thereto, to-
gether with sundry affidavits in the matter, were filed.
From these papers it appeared that the demand was
made and that the administrator did not comply with
it by paying.

It also appeared from the proofs submitted on behalf

of George Hitchcock, amongst other things, that the administrator admitted he had used the fund and could not pay. On the other hand, the administrator denied having made any such admissions, and claimed to have the funds in his hands.

It also appeared that certain persons, claiming to be the owners, by assignment or otherwise, of the share so directed to be paid to George Hitchcock, had made claim of payment of the amount to themselves.

H. G. ATWATER, *for next-of-kin.*

W. BOURKE COCHRAN *and* S. S. MARSHALL *in person, for administrator.*

THE SURROGATE. — A payment made to an assignee of a distributive share, where the decree directs payment to the next-of-kin, as owner of the share, is virtually paying it to the next-of-kin. The effect of the assignment is the appointment of the assignee to receive the share. Hence, if the administrator had produced to me an assignment of the share, properly acknowledged with the receipt of the assignee, I should have been bound to regard it as a compliance with the direction contained in the decree to pay the sum to George Hitchcock. This would be a simple solution of the difficulty springing out of the fact that this court has no power, as determined in a former phase of this matter (2 *Redf.*, 174), to decree payment to an assignee of such a share. In reference to this matter, as it is now presented to me, it appears that a demand of payment of George Hitchcock's share was properly made upon the administrator.* The sum de-

MATTER OF LANE. [SURR. CT., N. Y. COUNTY, August, 1877.] *Where a decree was entered and served requiring the administratrix to pay costs

creed to be paid was not paid and the administrator was attached. In his answers made to the interrogatories, it would seem that his reason for not complying with the demand was that other parties claimed to be entitled to receive this share, and that, therefore, he is at a loss to know to whom to pay it.

As the law will not permit me to decree payment to an assignee, but does oblige me to decree the payment of the distributive share to the next-of-kin, the administrator would have been protected in paying precisely as he was directed to do by the decree. The law is not so unreasonable or absurd as to direct the performance of an act and then to punish the party for obeying the direction. Hence, if the administrator had paid George Hitchcock, I cannot think he could be made answerable to either of the alleged claimants. By the exercise of proper vigilance on their part, he could have been enjoined by a court of competent authority from making the payment, and that fact would undoubtedly have purged him of the contempt with which he is charged.

The case then, briefly stated, is this : The administrator was directed to pay money to a party and has not complied, nor has he furnished any reason which I can recognize as valid for not obeying the order of the court. True, the contempt alleged is not actual disrespect shown to the court, but consists in the neglect or

and expenses of an accounting, and ordering her as guardian (she having been removed as such and a new guardian having been appointed) to pay the assets in her hands into court within ten days after service of the decree, which payments she had failed to make as ordered, *Held* that an attachment should not issue, though applied for after the ten days had expired, without proof of a demand of, and refusal to pay over, the moneys.

refusal to make the payment required by the decree, and the proceeding is, therefore, as for a contempt to enforce a civil remedy. The administrator claims to have the moneys which he is directed to pay, in his hands, and the only excuse which he furnishes for not paying is that there are two rival claimants of the fund other than George Hitchcock, the controversy between whom he is unable safely to determine. As I have endeavored to show, this furnishes no sufficient excuse. Unless prevented by some superior authority, his duty is to obey the order of this court.

In the affidavit presented, it would seem that the administrator contemplates filing a bill of interpleader, with a view to the settlement of the conflicting claims of the alleged assignees as between themselves. Should he take that step, any further action on the part of this court would be suspended. Unless, however, that be done, I do not see how I can escape the discharge of my duty, however unpleasant it may be, by committing him, as required by law.

I do not think this case comes within the provisions of 2 Rev. Stat., 538, § 21, as no "actual loss or injury" has been produced such as is contemplated by that section. The administrator claims to have the fund in his hands, and no actual loss as yet appears.

The cases of The People v. Spalding (2 *Paige*, 326), and Lansing v. Easton (7 *ib.*, 364), to which I am referred as authorities warranting the imposition of a fine by me to the extent of the amount due as fixed by the decree, with interest, are not applicable. In each of those cases an "actual loss or injury" was shown. The proceedings here, however, is under § 20, by virtue of

which this court has power to impose a fine or imprison, or both.   The amount of the fine is limited by § 22 to two hundred and fifty dollars over and above the costs and expenses of the proceedings.   In a case of this kind no fine should be imposed as such, but it is proper to indemnify the party moving in this matter for his costs and expenses.   On the evidence furnished I do not consider a counsel fee of $100 unreasonable, which may properly be allowed according to the case of Davis v. Sturtevant (4 *Duer*, 148.)

A precept issued accordingly