# Case No. 9,304.

## In re MAUER.

'[5 Sawy. 66.] [1]

District Court, D. Nevada.   Jan. 17, 1878.

BANKRUPTCY—PETITION AND SCHEDULES—VERIFICATION BEFORE NOTARY.

The petition and schedules may be verified before the attorney of the debtor, he being a notary public.

In this matter the debtor [Henry Mauer] verified his petition and schedules before his attorney who was a notary public. The register deeming such verification irregular, certified the question for decision.

E. B. Stonehill, for debtor.
No one in opposition.

HILLYER, District Judge. The rule that affidavits taken before the attorney in a cause cannot be read is an old rule of practice in the courts of king's bench and exchequer in England. It is a technical rule and is limited in actions at law to the attorney on the record, and in equity cases to the solicitor. People v. Spalding, 2 Paige, 326. It does not apply to an affidavit taken before counsel in the suit (Willard v. Judd, 15 Johns. 531), nor to a solicitor who was not named on the record though a partner of the solicitors of record (Hallenback v. Whitaker, 17 Johns. 2). The rule ought not to be extended to cases where the notary is called upon to do a merely ministerial act in which no exercise of judgment or discretion is required, such as swearing a party to the truth of a bill, or petition, or answer. McLaren v. Charrier, 5 Paige, 530. Although the attorney is the legal adviser of the deponent the affidavit may be read if he is not attorney on the record. Williams v. Hockin, 8 Taunt. 435. The rule is further limited to affidavits taken in a cause pending. It does not extend to those taken preparatory to the beginning of one. Vary v. Godfrey, 6 Cow. 587. Affidavits to hold to bail taken before the cause was commenced were held sufficient in Haward v. Nalder, Barnes' Notes Cas. 60, and it has always been the practice in the English courts to permit affidavits of service of process to be

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

sworn to before the attorney in the cause, and also proof of service of the declaration in ejectment. Doe v. Roe, 2 Younge & J. 284; Steph. N. P. 1440.

The affidavits in this matter were not taken in a cause pending, and hence are not to be rejected, as the authorities show. The petition, schedules and inventory must all be made out and verified before being filed and before any bankruptcy proceeding is begun. I am not disposed to extend the rule beyond the cases cited. There is no reason to suspect the least improper influence over the affiant, or to doubt that if these verifications were held bad for the reason assigned the debtor would swear to the same thing immediately before some other officer.

The clerk will certify this decision to the register.