DISTRICT TOWNSHIP OF LODOMILLO v. DISTRICT TOWNSHIP OF CASS.

1. **Injunction**: SCHOOL DISTRICT: ADEQUATE LEGAL REMEDY    A district township may maintain an action for an injunction to restrain another district township from illegally removing school-houses from its territory and assuming control of a portion of such territory. The purpose of such corporation being the maintenance of schools, it cannot be required to wait until they are broken up by the removal, and confined to its legal remedy for the trespass.

2. ———: JURISDICTION: SERVICE OF WRIT.   An injunction cannot be dissolved on the ground that the service of the writ was made before the court had acquired jurisdiction of the person of the defendant in the action, where such jurisdiction was afterward obtained, either by the service of original notice or by an appearance.

*Appeal from Clayton District Court.*

THURSDAY, JUNE 17.

ACTION for an injunction to prevent the defendant from removing certain school-houses, and from assuming the control of certain territory. The plaintiff avers in its petition " that the defendant has taken action, and is making efforts, and threatens and intends, to remove two school-houses out of the subdistricts in which they are respectively situated, which houses belong to the plaintiff in fee simple, and are situated in subdistricts Nos. 3 and 4, in the District Township of Lodomillo, in Clayton county, Iowa, and to assume the territory of plaintiff situated in the civil township of

Cass, in Clayton county, Iowa, without the authority or consent of the plaintiff; that the removal of said school-houses, and the assuming of control of said territory by the defendant, or either of these acts, is an irreparable injury to the real estate of the plaintiff for which the plaintiff has no adequate remedy at law." By way of amendment, the petition also avers "that the defendant has taken action, and threatens and intends to illegally and unlawfully remove the two school-houses and assume the territory described in the petition."

A preliminary injunction was granted and the writ served, but no original notice of the action was served. The defendant appeared and filed a motion for dissolution, the grounds of which are stated as follows:

"1st. The petition does not allege facts sufficient to authorize the order, the allegations being only of single acts of trespass for which the law furnishes a full, complete, and adequate remedy.

"2nd. The petition does not allege that the defendant has not full legal authority to do the acts forbidden by the injunction.

"3rd. Said injunction stops the business of a municipal corporation, and was granted without notice to the defendant of the time and place of the application.

"4th. No action has been begun: no suit is pending."

The court sustained the motion, and dissolved the injunction. The plaintiff appeals.

*B. W. Newberry* and *W. A. Preston*, for appellant.

*J. O. Crosby*, for appellee.

ADAMS, CH. J.—I. The petition avers, in substance, that the plaintiff is the owner of the two school-houses: that they stand upon its territory: that the defendant has taken action, and threatens and intends to remove them without the plaintiff's consent, and illegally, and has taken action, and threatens and intends to as-

1. INJUNC-
TION : school
district: ade-
quate legal
remedy.

District Township of Lodomillo v. District Township of Cass.

sume the territory without the plaintiff's consent, and illegally. This, in our opinion, is an explicit averment of the plaintiff's rights, and a threatened and intended invasion of them by the defendant. It cannot be necessary to aver the facts by reason of which the plaintiff acquired the school-houses and the territory, nor is it necessary to aver the pretenses of the defendant, and set up wherein the pretenses are groundless.

The appellee insists that we cannot consider the averments of the plaintiff's amendment to its petition: first, because it was made after motion filed to dissolve; and, second, because it avers only a conclusion of law.

Whether it was allowable or not, it appears to have been made by leave of court, and without objection by defendant interposed at the time, or by motion afterwards to strike out. We cannot refuse to consider it now.

In one sense, it is true, it avers a legal conclusion, but it is sufficient to meet the second ground of the defendant's motion.

As to whether, if the threatened acts were consummated, the plaintiff would have an adequate remedy at law, we have to say that we think it would not. The plaintiff is charged with the duty of maintaining schools. For that purpose it is its duty to maintain the rightful possession of its school-houses, and not suffer them to be removed from the district and seek its remedy afterward by an action in trespass.

II. The objection by appellee that the injunction stops the business of a municipal corporation, and was granted without notice of the application, is based, we doubt not, upon section 3391 of the Code. That section provides that an injunction to stop the general and ordinary business of a municipal corporation can be granted only upon reasonable notice. But the removal of school-houses taken from the possession of another, and the assumption of territory, are not the general and ordinary business of a district township.

III. The service of the writ did not, we think, have the

effect to bring the defendant into court. Without jurisdic-
tion of the person of the defendant the court
could not have proceeded to make any adjudica-
tion in the action. But the defendant appeared, and from
that time, certainly, the court had jurisdiction of the person.
Code, § 2626, subdivision 3. We have, however, the ques-
tion whether, where a writ of injunction is served before the
court has obtained jurisdiction of the person, such service
can be deemed to have any validity at the time when made
or afterward. Counsel for the appellee insist (if we under-
stand their position) that there can be no injunction without
an action, and that no action is commenced until jurisdiction
of the person is obtained. But this reasoning we think
would carry us too far. No lien by attachment can be ob-
tained except by action, yet, evidently, a valid levy may be
made before jurisdiction of the person is obtained. If it is
never obtained the levy, of course, has no validity, but when
obtained, the levy becomes valid from the time when made.
If the plaintiff delays to serve the original notice, and in the
meantime the defendant feels aggrieved by the attachment,
he may, if he so elects, enter an appearance and proceed to
obtain a determination of his rights. But such entry of ap-
pearance would give the court jurisdiction of the person,
especially if he attacked the attachment upon grounds other
than the want of jurisdiction. *Chittenden & Co. v. Hobbs*,
9 Iowa, 418.

In the margin: 2. ———: juris-diction : ser-vice of notice.

In our opinion an injunction cannot be dissolved upon the
ground that the service of the writ preceded the service of
the original notice, and if not, it cannot be dissolved upon
the ground that the service of the writ preceded the acquisi-
tion of jurisdiction of the person by appearance.

The appellee relies upon *Parker v. Williams*, 4 Paige Ch.,
439. In that case it was held to be an irregularity to serve
an injunction before the defendant was notified to appear and
answer, and it was said that if the defendant had not an-
swered, but had appeared promptly and moved to dissolve for

want of service of notice, it would have been proper to sustain the motion. But under our statute appearance for any purpose obviates the necessity of a notice, and gives the court jurisdiction of the person just as essentially as the filing of an answer.

We see, then, no technical grounds upon which the motion to dissolve could properly have been sustained, and taking the allegations of the petition to be true, we think the injunction could not properly have been dissolved upon the merits of the case.

REVERSED.