# *Ex parte* Sayre.

*Mandamus to Chancellor on Order Discharging Injunction.*

1. *Authority of judge of City Court of Montgomery to grant injunction.*—The judge of the City Court of Montgomery has authority, equally with a circuit judge or chancellor, to grant an injunction in a case pending in Colbert county.

2. *Fiat for injunction before bill filed.*—A *fiat* for an injunction, granted by the judge to whom the bill is presented before being filed in court,

[Ex parte Sayre.]

is not void, but a mere irregularity; and the irregularity is waived by a motion to dissolve the injunction after answer filed.

3. *Dissolving or discharging injunction in vacation.*— A motion to dissolve an injunction, either for want of equity in the bill, or on the denials of the answer, may be made and acted on in vacation (Code § 3532); but the statute does not apply to a motion to discharge an injunction, nor authorize the chancellor to discharge it in vacation.

4. *When appeal lies, or mandamus.*—An appeal is given by statute from an order dissolving an injunction in vacation (Code, § 3613), but the statute does not include an order discharging an injunction; and there being no other adequate remedy, a *mandamus* will be awarded by this court to vacate such order.

PETITION by H. A. Sayre, R. B. Snodgrass and S. M. Levin, as trustees appointed in a deed of assignment executed by Moses Brothers, for a *mandamus* directed to Hon. THOMAS COBBS, presiding in the Chancery Court of Colbert county, requiring him to vacate an order discharging an injunction in vacation, under the facts stated in the opinion.

TOMPKINS & TROY, STRINGFELLOW & LEGRAND, for the petitioners, cited High on Injunctions, § 1583; *E. & W. Railway Co. v. E. T., Va. & Ga. Railroad Co.*, 75 Ala. 278; *Jones v. Ewing*, 56 Ala. 360; 3 Brick. Digest, 626, § 31.

COLEMAN, J.—A bill was brought by the petitioners as assignees of Moses Bros. and the individual members of the firm, for the purpose of restraining the defendant, A. H. Kellar, from selling certain real estate under a power of sale contained in a mortgage executed to him by M. L. Moses. The order for a provisional injunction was made by the judge of the City Court of Montgomery before the filing of the bill, but the writ of injunction did not issue until after the bill was filed. The defendant, after answering, made a motion to dissolve the injunction on the following grounds: *first*, that the answer denies the material allegations of the bill; *second*, that the bill is without equity; *third*, that the judge of the City Court was without jurisdiction to make an order granting the injunction at the time it was made. The chancellor, being of the opinion that the bill contained equity, and that the denials of the answer were not sufficient to dissolve the injunction, did not dissolve the injunction, on either of the first two grounds; but he made an order *discharging* the injunction, on the ground that the order for its issuance, having been made when no suit was pending, was void. This proceeding is an application by the complainants for a *mandamus*, commanding the chancellor to set aside the order discharging the injunction.

19

[Ex parte Sayre.]

By the act creating the City Court of Montgomery, power is conferred upon the judge "to order the issue of writs of injunction, or any other writ or process, in any and every case in which, by the existing laws, a circuit judge might order the issue of any such like writ or process."—Acts 1863, p. 121. By the laws then existing, judges of the Circuit Court had, and now have, authority to grant writs of injunction returnable into the courts of chancery, co-extensive with the power exercised by chancellors. The question therefore is, whether the order of a chancellor granting a temporary injunction before the bill is filed, is void, or a mere irregularity.

The point, that a restraining order before the suit is instituted is without authority and void, was made in *Hayman v. Landers*, 12 Cal. 107. This point was held to be untenable, notwithstanding a statute expressly provided that an injunction may be granted at the time of issuing the summons. Field, J., says: "The order could only take effect upon the filing of the complaint, and the bond or undertaking required, and it was unnecessary to delay the application to the judge until after the complaint had been filed. When a restraining order, or an injunction, is sought upon the complaint, it is the usual practice to present the complaint, in advance of the filing, to the judge, and obtain the order on the allowance of the writ; and with this practice the statute does not conflict. The order or writ can then be issued with the summons." We have no statute regulating, expressly or impliedly, the time when an injunction may be granted. Mr. High observes: "The fact that the bill was not filed until after the injunction was ordered, is not sufficient ground for a reversal of the order, such omission being at the most but a mere irregularity which does not affect the merits of the cause."—High on Inj., § 1583. And in *Davis v. Reed*, 14 Md. 152, it was held, the fact that the bill was not filed until after the injunction was ordered is, at most, but a mere irregularity, which can not operate a reversal of the order granting it. It is said: "It is not uncommon, in some of the counties, to proceed in this way. . . Where a practice has become inveterate, it is better to adhere to it, until changed by a prospective rule, than to incur the risk of doing injustice to a party who may have followed it, and especially when the opposite side has not been injured by the alleged irregularity." Also, though where the application for an injunction is made by another, under the English practice the motion could only be made on some day on which the court was sitting, and is made

*ex parte*, and before the defendant had entered an appearance, a certificate of the filing of the bill signed by one of the authorized clerks was requisite.—2 Dan. Ch. Pl. & Prac. 1667, 1669. Yet, in an urgent case, an *interim* injunction may be granted without notice that the motion for an injunction would be made ; but this authority does not go to the extent of holding that the bill should not be first filed. So, in *Thornloe v. Shonies,* L. R. 16 Eq. 126, an *interim* injunction to restrain a sale which was expected to be completed within an hour, upon the plaintiff giving an undertaking to file the bill and affidavit in the course of the day, on the ground that plaintiff did not have time to prepare a copy of the bill for filing, the injunction was granted. And in *Carr v. Morris, Ib.* 125, where, on account of the office of the court being closed, the filing of the bill was delayed, it was held the court might grant an injunction before bill filed; but in this case the chancellor filed the copy of the bill produced to him, and directed that it be marked filed as of the day the injunction was granted, remarking that he felt bound to act as if the bill was filed before him on the day the application was made.

While we have found no authority declaring directly that it is a proper practice to grant the issue of an injunction before the filing of the bill, the authorities are abundant which hold that such an order before filing the bill is not void, but at most is a mere irregularity.

In the case of *East. & West. R. R. Co. v. East Tenn., Va. & Ga. R. R. Co.,* 75 Ala. 375, it is declared, "A motion to dissolve an injunction can be founded only on a want of equity apparent on the face of the bill, or on a full and complete denial, by the verified answer of a material defendant, of the allegations upon which the equity of the bill depends. The motion itself is a waiver of the error or irregularity, if any, which may have attended the order for the issue of the writ, or which may be in the writ alone. These are available only upon motion for a discharge of the injunction, which must precede any act on the part of the defendant, in recognition or affirmance of its regularity." And in *Jones v. Ewing,* 56 Ala. 362, it was held, "If the injunction has been irregularly granted,   .   .   .   the remedy is not by a motion to dissolve. Such motion, founded as it can be only on a want of equity in the bill, or the full and complete denial of its equity by the answer, is a waiver of the irregularity, if any has occurred in the grant of the writ." A number of authorities are cited in support of the rule of law as declared.

In *Parker v. Williams*, 4 Paige Ch. Rep. 439, it was held, that "an irregularity in the service of the injunction was waived by the defendant voluntarily appearing and putting in his answer. It was therefore too late for him to make the objection, after such a lapse of time, and after those proceedings had taken place. When a party seeks to set aside the proceedings of his adversary upon a technical irregularity, he must make his application the first opportunity he has for that purpose."

We are of opinion that the Chancery Court was without jurisdiction to render a decree in vacation, discharging the injunction, and in decreeing the order granting the injunction to be void. We are further of the opinion that the filing an answer, and moving the court to dissolve the injunction for want of equity, and upon answer, was a waiver of the irregularity in granting the injunction before the bill was filed.

The only remaining question is, whether petitioner's remedy is by *mandamus* or appeal. The statute provides, that a defendant may move to dissolve an injunction in vacation before the chancellor. The cause was regularly submitted to be heard in vacation upon the motion to dissolve the injunction, and it was at this hearing the chancellor erroneously *discharged* the injunction.

The court has no authority to hear and determine, in vacation, motions which involve mere interlocutory orders and decrees, except as authorized by statute. The statute (Code, § 3532) provides, that "a defendant may move to dissolve an injunction in vacation before the chancellor of the division in which the bill is filed, either for want of equity, or on the coming in of the answer," &c.; and section 3613 provides, that "an appeal lies to the Supreme Court on all interlocutory orders, in term time or vacation, sustaining or dissolving injunctions," &c.

Under the first statute cited, the power of the court to hear motions to dissolve an injunction in vacation is limited to cases where the motion is based upon a "want of equity, or on the coming in of the answer." The decisions of this court, *E. & W. R. R. Co. v. E. T. Va. & Ga. R. R. Co.* 75 Ala., *supra*, and *Jones v. Ewing*, 56 Ala., *supra*, and authorities cited, recognize a marked distinction between a motion to discharge an injunction and a motion to dissolve an injunction. They are made to rest on entirely different grounds, and in fact, the filing of an answer and motion to dissolve is held a waiver of the right to move for a discharge of the injunction. We have seen that the statute

[Johnson & Co. v. Davis.]

confers no authority upon the chancellor to hear in vacation a motion to discharge an injunction, and without judicial interpolation this court can not hold that such power was rightfully exercised.

The right of appeal from an interlocutory order made in vacation by the chancellor, improperly discharging an injunction, is not covered by the statute, which grants appeals from interlocutory orders made in vacation. A party injuriously affected by such erroneous ruling has no remedy to correct the error except by the writ of *mandamus*. A different practice prevails in some of the States.— *West v. Smith*, 1 Green's Ch. 309; 8 Paige, 45; *Parker v. Williams*, 4 Paige, 439; *Leffingwell v. Chane*, 5 Bosw. 703; *Blair v. Boggs*, 31 Penn. St. 274.

The defect in the statute, omitting to provide for the hearing of a motion to discharge an injunction in vacation, as is provided for hearing motions to dissolve an injunction, may lead to serious mischief, but the power to remedy the defect rests only with the legislature.

A decree will be here rendered, that a peremptory writ issue commanding the chancellor to set aside and vacate the order discharging the injunction, unless at the first term of the Chancery Court of Colbert county held after being informed of this order, the order discharging the injunction, mentioned in the petition, is set aside and vacated, and the injunction is reinstated.

The above opinion was in part prepared by the late Mr. Justice CLOPTON.

THORINGTON, J., not sitting.