# Jones *v.* Ewing *et al.*

### Bill in Equity for Interpleader, Injunction, &c.

1. *Motion to dissolve injunction, on coming in of answer.*—A motion to dissolve an injunction in vacation, on the coming in of the answer, can only be granted on account of a want of equity in the bill, or because the allegations on which its equity rests are fully and completely denied by the answer (Rev. Code, § 3438); and on such motion, the allegations of the answer can be considered only so far as they are responsive.

2. *Same; amendable defects, and irregularities.*—On such motion, all technical errors or inaccuracies are disregarded, and all amendable defects in matters of form are considered as amended; but, if the injunction has been irregularly granted, or the order for it is erroneous, the proper remedy is a motion to discharge, not to dissolve the injunction.

3. *Granting injunction without requiring bond.*—When an injunction has been improperly granted by a circuit judge without requiring a bond (Rev. Code, § 3430), it should neither be discharged nor dissolved absolutely and unconditionally on that account; but the proper order would be, that a bond be executed within a reasonable time, or the injunction be discharged in default thereof.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. H. C. SPEAKE.

BEIRNE, HUMES & GORDON, for appellant.

BRANDON & JONES, *contra.*

BRICKELL, C. J.—The original bill, filed by the appellant, alleges his indebtedness by promissory notes, past due, to the appellee, Ewing, which were secured by a chattel mortgage. The appellees, Chapman and others, commenced suits at law against Ewing, claiming of him debts amounting to about three thousand dollars, and procured a garnishment against the appellant as the debtor of Ewing. After the service of the garnishment, Ewing commenced an action of detinue against Jones, for the recovery of the chattels conveyed by the mortgage, and obtained an order for their seizure. Thereupon, the appellant filed this bill, admitting the justice

[Jones v. Ewing et al.]

of the debt, averring his willingness and readiness to pay it, and bringing the amount of it into court. The prayer is, that the complainant be permitted to pay the debt into court, and be discharged therefrom, and the mortgage cancelled; that the defendants be required to interplead, and to adjust between themselves their rights and claims to the said debt, and enjoined from the prosecution of suits at law against the complainant; and for general relief. The bill is properly verified, and disclaims all collusion with the defendants, or either of them, &c.

A judge of the Circuit Court, on the presentment of the original bill, made an order thereon, that a writ of injunction issue according to its prayer, on the complainant depositing in the Chancery Court the sum of money it was admitted he owed. The money was deposited, and the writ was issued by the register.

The appellee, Ewing, answered the bill, admitting most of its material allegations; but averring that the complainant was, in addition to the said promissory notes, indebted to him for the rent of a livery-stable, and that he had a mortgage on the chattels sought to be recovered in the action of detinue, for the recovery of such rent, which was unpaid. Denies that the amount which complainant has brought into court is the full amount due on said promissory notes, and says: "*Under the laws of Alabama, the respondent is entitled to damages and costs of protest, and complainant no where offers to pay this sum, amounting to several hundred dollars,*" &c. Avers that the money paid into court is not complainant's, but was advanced to him by one Reuben Chapman. Insists that he has valid defenses to the suits commenced against him by his co-defendants, and charges combination and collusion between complainant and Reuben Chapman, the next friend of some of the plaintiffs in those suits.

After answering, the appellee Ewing moved the chancellor, in vacation, for an order dissolving the injunction. The notice of the motion given the appellant states, as its ground, "for the want of equity in the bill, and upon the answer of the defendant Ewing, which has been filed in said cause." On the hearing of the motion, the chancellor dissolved the injunction, because it "was granted without any security or bond being required or given, as required by law, by complainant." From this decree the present appeal is taken, and it is assigned as error.

The statute authorizes a defendant, in vacation, to move a dissolution of an injunction, on the coming in of his answer, either because of a want of equity in the bill, or because the allegations on which its equity depends, are fully and com-

pletely denied by the answer. Whatever may be the effect of the matter stated in the answer in avoidance of these allegations, it is only so far as the answer is responsive to, and in denial of these allegations, that it can be considered on this application.

On a motion to dissolve an injunction, mere technical errors, or inaccuracies, are not available. Matter of substance only, not matter of form, is regarded.—High on Inj. § 927. However inartificial in form and structure the bill may be; though it purports to be pleading of some other character, as a petition, addressed to the officer having authority to grant an injunction; or though it may omit a prayer for injunction in the prayer for process; or, being a cross bill, may omit the prayer that it be allowed as such, and heard with the original bill,—the defects are disregarded. *Nelson & Hatch v. Dunn*, 15 Ala. 501; *Ala. & Fla. R. R. Co. v. Kenney*, 30 Ala. 307. All amendable defects are treated as amended; and the only inquiry to which the attention of the court should be directed is, whether the facts stated justify an interference by injunction, and whether these facts are fully and completely denied by the answer.

If the injunction has been irregularly granted, or if the order for it is erroneous, the remedy is not by a motion to dissolve. Such a motion, founded, as it can be, only on a want of equity in the bill, or the full and complete denial of its equity by the answer, is a waiver of the irregularity, if any has occurred, in the grant of the writ. Said Lord Elden, in *Vissum v. Mortlock*, 2 Mer. 477, "The motion being to dissolve the injunction, I must take it that the injunction was properly granted." The irregularity is a ground for a motion to *discharge*, not for an application to *dissolve* the injunction. *Judan v. Chiles*, 3 J. J. Marshall, 302; Hilliard on Injunction, 77; Kerr on Injunction, 632. The one is directed against the mode of granting or issuing the writ, and the other against the case made by the bill, or the sufficiency of the answer to overcome it. The irregularities are amendable, and may be cured whenever attention is called to them, and may exist when the bill abounds in equity, and the answer admits it. If the case made by the bill is not of equitable cognizance, no consent or waiver by the defendant can cure the defect, or relieve from error a decree pronounced against him. The irregularity may be waived, and, when waived, the court can not, *ex mero motu*, notice it.

The irregularity for which the chancellor dissolved the injunction, was the failure of the judge ordering the issue of the writ to require the complainant to execute a bond, with surety, for the payment of damages if the injunction was

[Frazier v. Parks' Adm'rs.]

dissolved.—R. C. § 34.°0. If it is conceded the order was for this reason irregular, it is voidable only, not void. The circuit judge had full authority to grant it, and the order was binding and conclusive, until on a proper application it was vacated.—*People v. Sturtevant,* 9 New York, 266. On no application should the injunction have been discharged, or dissolved, absolutely and unconditionally, because of the failure to require such bond. It is against the current of our decisions to vacate process, or to dismiss suits (unless statutory requisition compels it), because of the failure to execute bonds which are intended as security against wrongful or vexatious suits. The order, on a proper application, should have been, that in a reasonable time a proper bond be executed, or the injunction discharged.

The decree of the chancellor dissolving the injunction is erroneous, and must be reversed, and a decree here rendered overruling the motion to dissolve, reinstating the injunction, and remanding the cause. The appellee, Joseph H. Ewing, must pay the cost of the motion, and of the appeal.