[Johnson v. State.]

# Johnson *v*. The State.

141    7
142   13
142  626

*Indictment for Murder.*

1. *When term of city court of Gadsden ends; construction of statute; when appeal dismissed.*—Under the statute regulating the terms of the city court of Gadsden, which provides that there shall be 2 regular terms in each year, "beginning on the third Monday in January in each year, and continuing until the last Saturday in June, and on the third Monday in September in each year, and continuing until the 3d Saturday in December," each of the terms of said court ends on Friday before the last Saturday in June and the third Saturday in December, respectively; and proceedings in a trial before said court held on the third Saturday in December are *coram non judice* and void, and a judgment rendered on said day is void, and will not support an appeal.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant in this case, Henry Johnson, was indicted and tried for murder, was convicted of murder in the first degree and sentenced to be hanged.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

GOODHUE & BLACKWOOD for appellant.—The term of the city court ended on Friday before the 3d Saturday in December, and the defendant being tried on said 3d Saturday, such trial was void. The use of the word until in the statute excludes the day to which it refers. "The use of the word until" generally implies an intention to exclude the day to which it refers, unless a contrary intention appears from the context of the statute or instrument in which the word is used."—26 Am. & Eng. Enc. of Law, (1st ed.) 9; *People v. Walker,* 17 N. Y. 502; *Webster v. French,* 12 Ill. 302; *Corbin v. Ketchum,* 87 Ind. 138; *Erb v. Moak,* 78 Ind. 569.

[Johnson v. The State.]

MASSEY WILSON, Attorney-General for the State.

HARALSON, J.—The Act to declare the powers and jurisdiction of the city court of Gadsden, provides that there shall be two regular terms in each year, and may continue in session until the business thereof is disposed of. * * * * Regular terms of said court shall be as follows: "Beginning on the third Monday in January in each year, and continuing until the last Saturday in June, and on the third Monday in September in each year, and continuing until the third Saturday in December."—Acts, 1900-1901, p. 1291.

The defendant was tried on the 19th of December, 1903, which was the third Saturday in December. He did not, in the lower court, question the right of the court to try him on that day, and in this court contends that the word "until" employed in the statute, excluded the day on which he was tried, and, therefore, the proceedings were *coram non judice* and void. If the term of the court ended on Friday, and the defendant was tried on Saturday, after the term had ended, the fact that defendant did not object to being tried on that day, did not preclude him from raising this question in this court.

The well settled rule is, that the use of the word "until," generally applies an intention to exclude the day to which it refers, unless the contrary appears from the context of the statute or instrument in which the word is used."—26 Am. & Eng. Enc. Law, (1st ed.) 9, and authorities there cited, n. 1.

In *Kendall v. Kingsley,* 120 Mass. 95, it was said, "It may be assumed, * * * that the preposition 'until,' like 'from' or 'between,' generally excludes the day to which it relates.—*Nichols v. Ramsel,* 2 Madd. 280, *Wicker v. Norris,* Cas. Hardwick, 116; *Bemis v. Leonard,* 118 Mass. 502; *Atkins v. Boylsten Ins. Co.* 5 Met. 439. But such general rules of construction must yield to the intention of the parties, apparent on the face of the whole instrument, as applied to the subject matter." Anderson's Law Dic. title, "Until."

The charter of a bank was continued in force until the first day of January, 1850, and it was held that the word "until" was used in an exclusive sense, and that the charter expired on December 31, 1849.—*People v. Walker,* 17 N. Y. 502.

Under a statute providing that bids from all persons should be received "until" the first of July, 1849, it was held that the time for receiving bids terminated when that day began.—*Webster v. French,* 12 Ill. 302.

When time was given beyond the term for filing a bill of exceptions, until a day named, it was held that the filing of the bill on such a day was not within the time limited.—*Corbin v. Ketchum,* 87 Ind. 138.

There is nothing in the statute to indicate that the third Saturday in December, the day on which the trial occurred, was included within the limits of the term. Unaided by any thing in the context of the statute, to the contrary, we must be governed by what the legislature said, and presume that they said what they intended to say. "When a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. Possible or even probable meanings, where one is plainly declared in the instrument itself, the courts are not at liberty to search elsewhere." Cooley on Con. Lim. 69, 70; *State v. McGough,* 188 Ala. 166.

The judgment below is void and will not support an appeal. It must therefore be dismissed.

Appeal dismissed.