ARMSTRONG ET· AL. *v.* MOORE.

[73 South. 566, Division B.]

APPEAL AND ERROR. *Orders appealable. Interlocutory orders.*

The right to appeal in any case to the supreme court is regulated and defined by statute and where the court sustained a demurrer to the bill on the ground that it was not sufficient and granted sixty days to amend, an appeal taken to settle the principles of the case will be dismissed in the supreme court, since such decree does not require the payment of money; does not change the possession of property and an appeal therefrom does not settle the principle of the case nor does the prosecution of such appeal avoid expenses and delay but on the contrary, adds to the expenses, and is entertained, will greatly delay the final adjudication on the merits.

APPEAL from the chancery court of Attala county.

HON. A. Y. WOODWARD, Chancellor.

Bill by J. A. Armstrong and others against H. A. Moore. From a decree sustaining a demurrer and granting sixty days to amend, complainant appeals.

On motion to dismiss appeal.

The facts are fully stated in the opinion of the court.

*T. P. Guyton,* for the motion.

STEVENS, J., delivered the opinion of the court.

Appellants, as complainants in the court below, exhibited their bill of complaint against appellee in the chancery court of Attala county. Their bill was met by demurrer, which, upon consideration, was by the chancellor sustained. The court in sustaining the demurrer granted the complainants sixty days in which to amend the bill. The order of court is as follows:

"Came on this day to be heard the above-styled cause of *J. A. Armstrong et al.* v. *H. A. Moore et al.,* on

original bill filed and demurrer thereto, and the court after hearing said demurrer to said bill, hereby sustains the same, and at the request of the complainant sixty days is allowed in which to amend said bill.''

The next day appellants presented to the chancellor a document in the nature of a special bill of exceptions, and in this writing they petition for an appeal ''to settle the principles of the law in the case.'' The court on that day entered the following order:

''This day came on to be heard the petition of J. A. Armstrong and H. D. Armstrong, complainants in the above-styled cause, praying an appeal to the supreme court, from a judgment rendered on demurrer filed by the defendant to complainant's bill in this cause, and the court having read the bill or petition praying said appeal together with the bill of exceptions tendered in said cause by said complainants has this the 10th day of August, 1916, granted the prayer of complainants' petition for an appeal in said cause from said judgment.''

Appellee now presents a motion to dismiss the appeal, because the decree appealed from is not a final decree, and because the appeal in this case is prosecuted without authority of law.

The right to appeal any case to the supreme court is regulated and defined by statute. The appeal in this case should be dismissed. The motion is ruled by the decision of our court in *Clay County* v. *Chickasaw County*, 63 Miss. 289, and *Barrier* v. *Kelly*, 81 Miss. 166, 32 So. 999. The decree appealed from does not require the payment of money; does not change the possession of property; and does not settle the principles of the case. The prosecution of this appeal would not avoid expense and delay, but, on the contrary, adds to the expense, and, if entertained, will greatly delay the final adjudication on the merits. When the court sustained the demurrer to the bill, appellants could have declined to amend, and thereupon a final decree would

have been entered by the chancellor, dismissing the bill. Instead of declining to amend, they asked leave of the court to amend, and to have sixty days in which the amendment could be made. This left the cause pending in the court below. All the court decided was, that appellants had not filed a good bill. The amendment allowed may confront the court with a bill of complaint entirely sufficient. It is elementary that this court should not entertain an appeal that is not authorized by statute, and should see to it that the prosecution of an unauthorized appeal does not delay the final hearing of a case upon its merits.

*Appeal dismissed.*