(93 South. 546)

**McCORD v. LANIER, Register.   (7 Div. 239.)**

(Supreme Court of Alabama.   June 22, 1922.)

Appeal and error ⊜781(4)—Appeal in mandamus becomes moot when relief sought is no longer effective.

A prayer in mandamus proceedings for relief until an appeal on another case has been heard excludes all time after the appeal referred to has been heard, and an appeal from an adverse ruling in the mandamus proceedings not heard until after the time expires during which relief was sought to be effective becomes a moot case, and, being such, will be dismissed by the court.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Z. D. McCord filed his petition in the circuit court for a writ of mandamus to Frank Lanier, as Register of the Circuit Court of Talladega County, in equity. From a judgment granting the writ in part as prayed, petitioner appeals. Appeal dismissed.

W. M. Lackey, of Ashland, and J. W. Strother, of Dadeville, for appellant.

Brief of counsel is upon the merits, and not upon the motion to dismiss the appeal.

Harrison & Stringer, of Talladega, for appellee.

The time during which the relief sought was to operate having expired, this case is moot, and should be dismissed. 141 Ala. 7, 37 South. 421, 109 Am. St. Rep. 17; 180 Ala. 522, 61 South. 900.

THOMAS, J. The cause was submitted on motion. The appeal is from judgment rendered, granting in part a petition for mandamus to the register of the circuit court of Talladega county commanding that official to desist from further effort to collect certain costs "from petitioner until the appeal in said cause (from the judgment of said circuit court overruling the motion to retax costs) shall have been heard and determined" by the Supreme Court to which an appeal had been taken.

The petition, among other things, contained the words, "writ of mandamus or other remedial writ to the said Frank Lanier, register as aforesaid, requiring and commanding him to recall said execution from the said sheriff of Coosa county and his deputy, and to desist and refrain from all further efforts to collect said costs until the Supreme Court of Alabama shall have passed upon said appeal of petitioner in said cause." The prayer was that he be commanded "as register as aforesaid to refrain and desist from all further efforts to collect said costs from petitioner until the appeal in said cause shall have been heard and determined by the Supreme Court of Alabama, or to show cause at the next term of the circuit court of Talladega county, on a day to be named and fixed by your honor, why he should not be compelled to recall said execution and to desist from further efforts to collect said costs until the Supreme Court of Alabama shall have passed upon said appeal from the order and judgment of the circuit court of Talladega county overruling petitioner's motion to retax costs in said cause as hereinabove shown."

The appeal "in said cause" was that of Z. D. McCord v. J. U. Bridges et al., 92 South. 447,[1] then in this court (7th Div., No. 235), decided April 27th, before the submission on the instant motion. The word "until," used as we have indicated, excludes all subsequently accruing time after date of final decision in said cause in this court in McCord v. Bridges, supra; Johnson v. State, 141 Ala. 7, 37 South. 421, 109 Am. St. Rep. 17; Standard Oil Co. v. City of Birmingham, 202 Ala. 97, 79 South. 489.

Whenever, pending an appeal in a given mandamus proceeding, the time expires during which the relief was sought to be effective, the same becomes a moot case, and, being such, will be dismissed by this court. Postal Tel. Co. v. Montgomery, 193 Ala. 234, 69 South. 428, Ann. Cas. 1918B, 554; Agee v. Cate, 180 Ala. 522, 61 South. 900; Adams v. Union R. R. Co., 21 R. I. 134, 42 Atl. 515, 44 L. R. A. 273.

The appeal is dismissed on appellant's motion.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.