TURNER *v.* CARTER.

(Division B.   Feb. 9, 1931.   Suggestion of Error Overruled Feb. 23, 1931.)

[132 So. 334.  No. 29205.]

**Barbour & Henry,** of Yazoo City, for appellant.

**Montgomery & Montgomery,** of Yazoo City, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee filed his bill in the chancery court, and appellant demurred thereto on the ground that the bill stated no cause for relief. The demurrer was overruled, and the following interlocutory decree was entered: "This cause coming on for hearing upon the demurrer of the defendant and the court having heard the argument of counsel and considered same it is ordered, adjudged and decreed that said demurrer be and the same is hereby overruled and the defendant is given sixty days within which to file his answer to said bill, and is also given the right to appeal to the Supreme Court."

While the reason for which the interlocutory appeal was attempted to be granted is not stated in the order, it is apparent that the only available ground is to settle all the controlling principles of the case. When such an appeal has been validly granted, "the court from which the appeal is taken is without power to proceed further . . . until the appeal has been disposed of." Jennings v. Shapira, 131 Miss. 596, 599, 95 So. 305, 306. However, under the order as written, appellant could proceed with his defense in the trial court and prosecute his appeal to this court, both at the same time. Since that course cannot be taken, the result is that under the order, as made, there was an allowance of the appeal and at the same time, in effect, a refusal of it. Such an order is repugnant on its face. Penrice v. Wallis, 37 Miss. 172, 184.

Moreover, for all we know, appellant may have already concluded to answer and to proceed in the trial court as allowed in said order. We cannot take jurisdiction of interlocutory appeals under decrees thus drawn in the alternative. Barrier v. Kelly, 81 Miss. 266, 32 So. 999;

498

Armstrong v. Moore, 112 Miss. 511, 73 So. 566. This is just another example of the ill-advised and improvident interlocutory appeals that, to the delay of cases, are constantly coming here, in the face of the statute and of the numerous dismissals of them by this court and of the repeated protests here against them.

Appeal dismissed.