140 So. 373

## MORRIS v. SARTAIN et al.
### 6 Div. 31.

Supreme Court of Alabama.
March 10, 1932.

Davis & Curtis, of Jasper, for appellant.

R. A. Cooner and Pennington & Tweedy, all of Jasper, for appellees.

**FOSTER, J.**

This appeal is taken by the respondent in a suit in equity from a decree of the court granting a temporary injunction. The order was made after notice and hearing, and the appeal is authorized by section 8307, Code. The statutory provisions for notice and hearing and an order on such hearing and an appeal from that order were new to the Code of 1907.

No appeal lies to this court from an order granting a temporary injunction except by authority of section 8307, after such hearing. Lee v. City of Birmingham, 221 Ala. 419, 128 So. 902. This court held in Jones v. Ewing, 56 Ala. 360, that the failure to require a bond as a condition to a temporary injunction was an irregularity which did not render the order void, and that the only remedy of the respondent was a motion to discharge the injunction. There was then no provision for an appeal from an order overruling a motion to discharge an injunction, and mandamus was the appropriate remedy to review it. Ex parte Sayre, 95 Ala. 288, 11 So. 378; Ex parte Fechheimer, 103 Ala. 154, 15 So. 647. Such an appeal is now provided by section 6081, Code. That is still the procedure except when the court has heard the application after notice, as provided by section 8304.

As we have said, the case of Jones v. Ewing, supra, holds that an order for an injunction without a bond is not void, but only irregular and voidable. This has been reaffirmed on rehearing in Dothan Oil Mill Co.

v. Espy, 220 Ala. 605, 127 So. 178. So that the decree is such as will support an appeal. And, upon its review by us, we think it was erroneous in the failure to require a bond. Section 8293, Code. Sections 8304 to 8306 are not understood by us to mean that when that course is pursued the requirements for a bond by complainant do not apply.

██ The equity which appellees seek to invoke by their bill is that of an estoppel in pais. It is the general rule that, when one knowingly suffers another in his presence to purchase property to which he has a claim, and which he willfully conceals, he will be estopped to assert it against such purchaser. This is for the reason that under such circumstances he owes the duty to a purchaser ignorant of his rights to disclose them. But it is said that, if the claim consists of a mortgage recorded so as to impute notice, he owes such purchaser no duty to tell him of its existence, but he cannot be active then in misleading him, Ivy v. Hood, 202 Ala. 121, 79 So. 587; Dixie Grain Co. v. Quinn, 181 Ala. 208, 217, 61 So. 886; Porter v. Wheeler, 105 Ala. 451, 17 So. 221; Steele v. Adams, 21 Ala. 534, 541; nor be guilty of intentional fraud and deception by which the other is led to act, Steele v. Adams, supra.

██ It will be noticed that, in those cases, there was merely the presence at such a sale by the claimant of a recorded mortgage, when there was no public statement made in his presence that the title was clear of all claims. The mortgagee was therefore not bound to tell the purchaser of the existence of the mortgage, because such purchaser was conclusively presumed, in the absence of intentional deception, to know of its existence. In view of the record of the mortgage to appellant, he had the right to assume that appellees knew of its existence, and owed them no duty to tell them of it, provided he remains passive in connection with and does nothing to mislead them in respect to the matter, and is guilty of no intentional fraud or deception. In order that he be estopped therefore on account of his passiveness at the sale, there must be more than what would otherwise call for notice of the original existence of his mortgage. He can legally assume that they all were aware of its existence. For he could assume that they had seen its record. So that he was under no duty to tell of it. But it was a mortgage which he claimed, and not the conveyance of an indefeasible title. The mortgage was to secure a debt. Appellant and all present knew that, and, further, that a payment of the mortgage debt revested the title, though such payment is not noted on the record. Section 9026, Code. A mortgage on record, in the absence of notice of a foreclosure, carries upon its face notice that it is a defeasible conveyance. Now if the mortgagor or his purchaser should in the presence of the mortgagee and within his hearing assert to another prospective purchaser that the mortgage, about which they all knew, was fully paid, though not noted on the record, and such was made in order to induce a sale to him of which such mortgagee had notice, and the prospect acted upon that assurance in ignorance of its falsity, no one would doubt that the mortgagee, on this principle, would be estopped to assert that the mortgage had not been paid. But instead of saying expressly those words, if such mortgagor used language which conveyed the same meaning and was so understood by all parties, what would be the difference in legal effect? Not that such purchaser had no notice of the mortgage, but had no notice that it was not paid in the face of an assertion that it was paid, or words to that known effect. It has been also said by this court that, while the retention of possession by the mortgagor after the law day is ordinarily not an adverse circumstance, it may become such when it is so held for an unreasonable length of time. Planters' & Merchants' Bank of Mobile v. Willis, 5 Ala. 770.

We cannot say, therefore, that the circumstances and statements in the presence of the mortgagee may not call for a denial on his part or else be chargeable with intentional fraud and deception, though his mortgage may be recorded.

██ Our judgment is that the final issue of fact will hinge around that inquiry. We refrain from expressing an opinion from the evidence submitted, because the question is merely preliminary, and the evidence may not be all that the parties will have on final submission. The question now relates to the respective consequences to the different parties by holding the matter in statu quo until the final hearing, and to whether a prima facie case for complainant has been made by the bill and evidence. Upon the execution of a bond as required by law, we think appellant may be fully protected against damage resulting from a temporary injunction, though it may be dissolved on final hearing. The trial court heard the witnesses and granted the order, and thereby the presumptions are favorable to his conclusions. Nelson v. Hammonds, 173 Ala. 14, 55 So. 301.

There are tendencies of the evidence which may be considered as showing the existence of an estoppel to claim that the mortgage continued in effect and had not been satisfied. We express no opinion on the subject. We do not disagree with the judge in his finding that an order for a temporary injunction was proper, but it should be conditioned upon complainant's executing a bond in an amount to be prescribed by the circuit judge.

We think it is not necessary to treat the case in other respects. We reverse the decree

because it does not prescribe a bond to be executed by complainants.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.