72 So.2d 93

**FRANCIS v. SCOTT et al.**

8 Div. 684.

Supreme Court of Alabama.

April 15, 1954.

See also Ala.Sup., post, p. 595, 72 So. 2d 98.

Harry J. Huddleston, Joel M. Love, Sr., Huddleston & Love, Sheffield, for appellant.

W. A. Barnett, Florence, for appellees.

PER CURIAM.

The appeal was taken on November 12, 1952. The citation of appeal shows that it is from a decree rendered on October 14, 1952. The appeal bond does not specify the date on which the decree was rendered. The assignments of error do not specify such date. The record shows "Bench Notes of Court 10-14-52". There appears under such heading what purports to be a minute entry ordering complainants to enter into a bond of $750 as required by section 1043, Title 7, Code. There had not been an order

directing the issuance of an injunction and the record does not show that one was issued. That entry then proceeds to overrule respondent's motion to dissolve the temporary injunction and also to overrule his motion for a discharge of the injunction. The appeal was taken on November 12, 1952, and that bench note is dated "10–14–52" (meaning October 14, 1952), and therefore within thirty days from its date.

It is insisted that the appeal is governed by section 1057, Title 7, Code, which provides for an appeal from an order granting or refusing an injunction to be taken within ten days. And that since the appeal bond was filed and the appeal taken more than ten days after the order on the motion to discharge and to dissolve, it was taken too late.

On the other hand, it is insisted that the appeal is governed by section 757, Title 7, Code which authorizes an appeal to be taken from an order sustaining, dissolving or discharging injunctions within thirty days from the date of the judgment,—as interpreted in the cases of State v. Seminole Bottling Co., 235 Ala. 217, 178 So. 237, and Trump v. McDonnell, 112 Ala. 256, 20 So. 524.

It has been held that section 1057, supra, authorizing an appeal within ten days only applies when an application for a temporary injunction has been set down under section 1054, Title 7, Code, and granted or refused on such hearing. City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550; Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269.

The question here to be determined is whether the minute entry of October 14, 1952 is one provided for in section 1057 or one provided for in section 757, Title 7, Code. The record is unsatisfactory with respect to that question. It shows that the bill was filed on September 18, 1952. It prayed for a temporary injunction and it was presented that day to the judge for such injunction. The trial judge made an order that the respondent be enjoined and restrained by "order of this court, etc., pending final determination of this cause",

and in that order set a date (September 30, 1952) for the hearing of the bill of complaint before him, and ordered a copy of the bill and of the *restraining order* to be served on the respondent. There was no bond ordered, as required by section 1059, Title 7, when such an application is set down for hearing and a restraining order made, or as required by section 1043 when a temporary injunction is ordered. An order made under either statute, without a bond, is erroneous but not void. Loop Nat. Bank v. Cox, 255 Ala. 388, 51 So.2d 534; Morris v. Sartain, 224 Ala. 318, 140 So. 373. Nothing was done as shown by the record on September 30, 1952.

On October 10, 1952 the respondent filed a motion to discharge and on October 14, 1952 filed a motion to dissolve the *temporary injunction* issued on September 18, 1952. None had been issued or ordered to be issued.

There is of course a distinction between a restraining order authorized by section 1059, to be effective until the application for the injunction can be heard, and a temporary injunction then granted or refused. The order of September 18th uses the words "enjoined and restrained" in one place and a "restraining order" in another. It is made effective "pending final determination of the cause". That is not appropriate for a restraining order but it does not order the issuance of an injunction. The bill was set down for hearing apparently under section 1054, when a restraining order under section 1059 would be appropriate.

Also on October 14, 1952 the bill was amended by rewriting it and reverifying it and on the same day appears the order of the court, above referred to, overruling the motion to discharge and the motion to dissolve, and requiring complainants to execute an injunction bond, specifically referring to section 1043, Title 7, Code.

It appears from the foregoing statement of the record that the court and parties have entirely misconceived the procedure under section 1054, 1057, 1059, 1043 and 757, Title 7, Code. When a motion for

a temporary injunction is set down for hearing and notice given, section 1054, and a temporary restraining order made pending that hearing, section 1059, resulting in an order granting or refusing a temporary injunction, an appeal must be taken within ten days, section 1057. Whereas when a motion is made to discharge or a motion to dissolve a temporary injunction (not a restraining order) which has been ordered, the action of the court on such a motion is subject to appeal within thirty days under section 757. The court and counsel for both parties seem to have considered the order made on September 18, 1952 as one for a temporary injunction requiring a bond under section 1043, but no bond was then ordered. No further order appears to have been made for an injunction. The requirement that complainants execute a bond for $750 merely serves to complete the order which the court and the parties understood had been made granting a temporary injunction. The order of October 14, 1952 is apparently that from which the appeal was taken, not that of September 18, 1952. We will treat the order of October 14, 1952 as one overruling a motion to discharge and a motion to dissolve as contemplated by section 757, Title 7, Code, from which an appeal will lie if taken within thirty days. Since this appeal was taken within that period the motion to dismiss it on that ground should be overruled.

But should the appeal be dismissed *ex mero motu* for another reason?

On the same day on which this appeal, No. 684, was submitted there was also submitted in this court and in the same cause an appeal by the same appellant from a final decree granting relief on evidence and trial after an answer was filed, case No. 720, Ala.Sup., 72 So.2d 98[1]: all done after the former appeal was taken. When the trial was had and decree rendered the cause had been removed to this court by appeal. On that appeal the question of the equity of the bill was directly involved on the motion to dissolve. One ground on which that motion was made was that the bill did not authorize the relief prayed for and was therefore wanting in equity. Woodward v. State, 173 Ala. 7, 55 So. 506.

The trial court had granted what we have termed a temporary injunction which was only effective until the final decree in the case, which made it permanent as modified. So that if the court had the power after the appeal to proceed to a final decree, the temporary injunction merged into it and became functus. 43 C.J.S., Injunctions, § 244, p. 984, notes 91 to 95. After the final decree was rendered the question was whether it would withstand attack from any source as to its validity.

The question now is whether the final decree was valid. In it the judge recited: "Upon agreement of the attorneys for the parties, the court set said cause for final hearing and submission for decree, to be heard orally before the court and the court heard all testimony orally". He then proceeded to set out his finding of the facts on which he based the final decree granting relief. That decree is void for want of jurisdiction unless the agreement of the parties gave life to the proceeding leading up to it, and it is as a scrap of paper—to use the language of the court in Ex parte City Council of Montgomery, 114 Ala. 115, 14 So. 365,—and would not support an appeal. Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865. In Ex parte City Council of Montgomery a motion to dissolve an injunction was granted. An appeal was taken under a statute giving that right (which is now section 757, Title 7, Code). There was a motion in the trial court to dismiss the bill for want of equity and a demurrer on that ground. This court held that after the appeal the trial court could not, pending that appeal, pass upon the equity of the bill since its equity was involved on the appeal from a decree dissolving an injunction on motion. That on such appeal the equity of the bill being directly involved any further act of the trial court involving its equity would be "the merest waste paper".

1. Post, p. 595.

Since that time this court has frequently upheld that principle, Gibson v. Edwards, supra, and the limitation on it that "The lower court on appeal, may proceed in matters which are · entirely collateral to that part of the case which is taken up, but it can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court." Ex parte Taylor, 251 Ala. 387, 37 So.2d 656, 657; Lewis v. Martin, 210 Ala. 401(3), 409, 98 So. 635; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Ex parte Farrell, 196 Ala. 434, 71 So. 462, L.R.A.1916F, 1257; Allen v. Allen, 80 Ala. 154. But it was observed in Lewis v. Martin, supra, [210 Ala. 401, 98 So. 642] that "action in said cause should be suspended in the trial court until the appeal is effectively abandoned, dismissed, or decided."

We note that jurisdiction of the trial court is merely suspended for the time being pending the appeal, and until it shall be "abandoned, dismissed or decided". It has not been formally dismissed or decided. But it may have been abandoned by the appellant. To proceed with the trial of the suit in the circuit court with the express consent and approval of the respondents is inconsistent with the prosecution of the appeal by them, which they had taken from the decree overruling their motion to discharge and dissolve the injunction. Winn v. Dillard, 60 Ala. 369; Turner v. Carter, 159 Miss. 496, 132 So. 333.

The effect of the appeal first taken in the instant case did not take away jurisdiction of the subject matter and parties in the trial court. It only suspended the power of the trial court to proceed then to a determination of the justiciable question within its general jurisdiction. That suspension was on account of the act of the respondents in the suit in taking the appeal. Those who did that afterwards pursued a course which was inconsistent with the prosecution of the appeal by filing an answer and making an express agreement that the court proceed to hear and finally determine the issue, notwithstanding the appeal. That was done and a final decree rendered before the cause on that appeal was submitted here. So that the appeal had then been abandoned by electing to pursue a course inconsistent with it. But it was submitted in this court on January 19, 1954, without a motion to dismiss the appeal based on the ground of abandonment. At that time a final decree had been rendered in favor of complainants, from which the same respondents had taken an appeal which was submitted in this court on the same day, case No. 720, post, p. 595, 72 So. 2d 98.

Both those appeals cannot stand up at the same time. If the first one taken was effective at the time of the rendition of the final decree, that decree was ineffective and cannot be made valid by consent nor support an appeal. If the first appeal was abandoned by appellant on account of actively pursuing a course inconsistent with it, it was then available for the trial court to proceed to render · a final decree which would not be void by reason of the former appeal; and the decree on former appeal having become functus would no longer support such appeal.

 It takes no motion to call that to our attention when it appears from the two records. This court may look to its records in the two cases to discover that an appeal has become moot or abandoned. Gibson v. Edwards, supra; Griffin v. Proctor, 244 Ala. 537(9), 14 So.2d 116; Crossland v. First Nat. Bank, 233 Ala. 432, 172 So. 255; Catts v. Phillips, 217 Ala. 488, 117 So. 34; Alabama City, G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776. When it is apparent from the court records that on appeal the question has become moot (or the appeal abandoned), the court will dismiss it ex mero motu. Willis v. Buchman, 240 Ala. 386, 387, 199 So. 892, 132 A.L.R. 1179; Coleman v. Mange, 238 Ala. 141, 189 So. 749; McCord v. Lanier, 207 Ala. 663, 93 So. 546; Postal Tel.-Cable Co. v. City of Montgomery, 193 Ala. 234, 69 So. 428; Agee v. Cate, 180 Ala. 522, 61 So. 900.

 One or the other of those appeals must be dismissed. We think it should be the first one, the instant case No. 684.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, § 32, Code, and was adopted by the court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.