141 So.2d 199

**ALABAMA STATE BOARD OF OPTOMETRY et al.**

v.

**George Michael McENEANY.**

I Div. 27.

Supreme Court of Alabama.

May 10, 1962.

Ling & Bains, Bessemer, and Strickland & Zoghby, Mobile, for appellants.

J. Terry Reynolds, Jr., and Wm. R. Lauten, Mobile, for appellee.

GOODWYN, Justice.

This is an appeal by the respondents below, Alabama State Board of Optometry and the members of said Board, from a decree of the circuit court of Mobile County, in equity, granting to appellee, complainant below, a temporary injunction restraining respondents from enforcing an order of said Board dealing with complainant's right to practice optometry in this state.

On July 14, 1961, complainant filed a bill seeking a declaration with respect to the validity of said order and praying for an injunction, together with such other relief as may be appropriate. On the same day, an order was entered by the trial judge reciting that "the foregoing application for injunction was presented to me today, July 14, 1961 and is hereby ordered set on my docket at 10:00 on July 21, 1961." Subpoenas were issued to the respondents together with notices of the hearing on the application for injunction.

On July 21, 1961, the trial judge, on motion of complainant, continued "the hearing on the application for temporary injunction" until September 1, 1961. On August 10, 1961, the respondents filed a "response to the rule nisi * * * to show cause why

**374**

a temporary injunction should not be issued against respondents." No rule nisi appears in the record. Respondents probably considered the notice of the hearing to be a rule nisi.

On September 1, 1961, an oral hearing was had before the trial judge.

On September 29, 1961, a decree was rendered granting a temporary injunction against respondents. The respondents bring this appeal from that decree, the appeal having been perfected on October 26, 1961.

We are faced with a threshold question of jurisdiction, that is, whether the appeal was timely taken.

Code 1940, Tit. 7, § 1057, provides as follows:

> "From the order granting or refusing the writ of injunction, an appeal will lie to the supreme court within ten days, to be heard as preferred cases in that court, on the first Thursday the court is in session after the expiration of the ten days, or as soon thereafter as may be."

It has been held that § 1057, and not those sections providing generally for appeals from final and interlocutory decrees and judgments, apply to appeals presented where applications for temporary injunctions have been granted or refused after the applications have been set down for hearing under § 1054, Tit. 7; that the question is a jurisdictional one and that an appeal must be dismissed ex mero motu if not taken within the ten days allowed. Francis v. Scott, 260 Ala. 590, 72 So.2d 93; Dunn v. Ponceler, 235 Ala. 280, 178 So. 47; City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550.

We have no alternative but to dismiss the appeal because it was not taken within the ten days prescribed by § 1057, Tit. 7, supra.

Appeal dismissed.

SIMPSON, MERRILL and COLEMAN, JJ., concur.