191 So.2d 222

Donald BRUTKIEWICZ

v.

STATE of Alabama.

I Div. 383.

Supreme Court of Alabama.

Oct. 20, 1966.

Harry Seale, Mobile, for appellant.

SIMPSON, Justice.

This is an appeal from an order of contempt entered by Circuit Judge William D. Bolling against the appellant. The appeal is authorized by Act No. 859 of the General Acts of the Regular Session of the Legislature of 1965.

The facts are as follows:

On the afternoon of May 10, 1966, William D. Bolling, a judge of the Circuit Court of Mobile County, filed a show cause order for contempt against Donald Brutkiewicz, Assistant District Attorney, in the Circuit Court of Mobile County, charging that immediately after the court had entered an order on the morning of May 10 in a certain case and had gone into recess, and after the judge had gone into his office, Mr. Brutkiewicz uttered profanity against him in the presence of numerous persons including the judge's bailiff.

A hearing was held in the matter the following morning, at the outset of which the appellant filed a motion for Judge Bolling to recuse himself on the ground that he was personally interested in the matter. This motion was refused. Appellant next filed demurrers to the citation which were overruled. After taking testimony orally in open court, Judge Bolling adjudged Mr. Brutkiewicz guilty of contempt of court and fined him $50.00 and also sentenced him to serve five hours in the Mobile County Jail.

This appeal followed.

Three assignments of error were made:

1. The court erred in denying the motion to recuse.

2. The court erred in overruling demurrer of appellant.

3. The court erred in finding appellant guilty of contempt.

The gist of the show cause order is admittedly brought under Title 13, § 2 (second paragraph), Code 1940, which provides that the courts in this state have authority to inflict summary punishment for contempts, arising out of:

"Disrespectful, contemptuous, or insolent behavior *in court*, tending in anywise to diminish or impair the respect due to judicial tribunals, or to interrupt the due course of trial." (Emphasis supplied.)

It appears that on the morning of May 10, Mr. Brutkiewicz as Assistant District Attorney of Mobile County was handling misdemeanor cases which were on the docket in Judge Bolling's court. It seems that Judge Bolling announced that these cases would be dismissed unless there were prepared and filed solicitor's complaints in each case, which appears to be in compliance with the statute. Title 15, § 363, Code 1940. After allowing some time for the preparation and presentation of the complaints, the judge dismissed a case for failure to have the solicitor's complaint. Mr. Brutkiewicz objected to the dismissal. The judge left the courtroom. At that time there was no jury in the courtroom and court had been recessed for fifteen minutes. Mr. Brutkiewicz made some statements derogatory against the judge, but this behavior of Mr. Brutkiewicz was not in court as proscribed by said section, supra.

It is the contention of appellant that every remark he made was with reference to Judge Bolling personally and was not made with reference to any court.

■■ Does the conduct of the appellant constitute contempt of court? It was certainly reprehensible and unworthy of a member of the bar. However, we cannot use the vehicle of punishment for contempt to assuage the hurt feelings of an individual who has been personally abused simply because he occupies a position on the bench. Since Mr. Brutkiewicz's behavior was not in court, we cannot see that his remarks tended to "diminish or impair the respect due to any judicial tribunal" or "to interrupt the due course of the trial". There was no trial going on; the judge was not present in the courtroom, the jury was not present, there were no litigants whose cases were pending in the courtroom. There were some spectators in the courtroom and at least two local members of the bar. The altercation took the form generally of an argument between the bailiff and Brutkiewicz. Any witness to the altercation, it seems to us, would have come away with the feeling that Mr. Brutkiewicz was not personally fond of Judge Bolling, but this conduct was "not in court" as the statute stipulates.

■■ As noted in Francis v. Williams, 3 Cir., 11 F.2d 860, cert. den. 273 U.S. 693, 47 S.Ct. 91, 71 L.Ed. 843:

"In our jurisprudence the extraordinary action of contempt of court does not lie to heal the wounded sensibilities of a judge; it may be invoked only when the offending act impedes or disturbs the administration of justice."

As distasteful as we find the conduct of appellant, we are constrained to hold that it did not amount to contempt of court. It would be most desirable if the District Attorney's office and the bench could work in harmony for the orderly dispatch of the business of justice, but this cannot always be achieved. At least we can hope that efforts in this regard will be made. We cannot, however, referee each difference between the two. Punishment for contempt must be limited to that conduct stipulated in the statute, supra, and must not be extended to cases involving personality conflicts.

Both parties involved in this unfortunate matter hold high public office. They

**220**

undoubtedly seek to discharge the burden of those offices with responsibility and zeal.

We have considered this appeal in light of the mandate of Act No. 859, where it is said that the question on appeal in contempt cases shall be "whether appellant was guilty of contempt". We fail to so find.

Reversed and rendered.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.