238 So.2d 544

Ex parte AMALGAMATED CLOTHING WORKERS OF AMERICA, AFL–CIO, etc.

In re PREPMORE APPAREL, INC., a Corp.

v.

AMALGAMATED CLOTHING WORKERS OF AMERICA, AFL–CIO, etc., et al.

8 Div. 284.

Supreme Court of Alabama.

Aug. 6, 1970.

**192**

Taylor & Taylor, Russellville, for respondent in certiorari.

Bedford & Bedford, Russellville, for petitioner.

COLEMAN, Justice.

One of the respondents to a bill in equity seeks review, by petition for certiorari, of a decree holding petitioner guilty of contempt for violating an injunction.

The complainant is an Alabama corporation and operates a factory at Russellville in Franklin County.

One of the respondents to the bill is an unincorporated labor union. The union was found guilty of contempt and is the petitioner for certiorari.

The other respondents to the bill are six individual persons. The complainant avers, on information and belief, that these six persons are officers, agents, or employees of the respondent union.

On December 14, 1966, complainant filed its verified bill of complaint averring as follows:

Some of the employees at complainant's plant, who, as complainant is informed and believes are members of the union, have gone out on strike.

Since the beginning of the strike, various persons, alleged to be members or agents of the union, including various ones of the individual respondents, have been and are engaged in repeated and continued violent and unlawful acts as follows:

(a) They congregate in large numbers at or near complainant's plant and on certain streets and private driveways leading from the streets to the parking lot, ground, and buildings which constitute the plant.

(b) They threaten and assault at said location other employees of complainant and direct abusive and threatening language at them because such other employees work or seek to work at the plant, and they likewise threaten, assault, and direct such language at other persons seeking to come upon or leave the plant and premises in the regular course of business with complainant.

(c) They hold shut the doors of automobiles in which other employees of complainant are riding as they seek to enter and leave the plant.

(d) They hurl rocks or other missiles against such vehicles as the vehicles enter and leave the plant premises.

(e) They have affixed tacks and nails into the tires of working employees while they were parked on the premises.

(f) Otherwise, in various ways, they threaten, abuse, intimidate, and assault employees of complainant because such employees work or seek to work at the plant.

Complainant and others have called the aforesaid facts to the attention of appropriate law enforcement officers, but said acts are still repeatedly and continuously occurring. Complainant and its employees have no adequate remedy at law and will be irreparably damaged unless such acts are enjoined by the court.

Complainant prays that respondents be temporarily and permanently enjoined from committing violence, assaults, or threats upon or otherwise interfering with complainant's employees; from congregating at the entrances to the plant or at any other location in the general vicinity thereof; and that the number of pickets be fixed at three pickets at each of the four corners of the plant.

On December 14, 1966, on ex parte application of complainant, the judge of the Circuit Court of Franklin County ordered that the register issue a temporary injunction as prayed, upon complainant's making bond for $750.00 to be approved by the register of the court.

On the same day, complainant filed and the register approved an injunction bond for $750.00. The bond was signed on behalf of complainant, "By Don Simpson, General Manager," and by Don Simpson and Bailey Marion, "Individually." On the same day the register issued a temporary injunction pursuant to the judge's order.

On the next day, December 15, 1966, respondents filed a motion to dissolve the injunction averring that " . . . . the person signing the *Bill of Complaint* does not have authority to bind Prepmore Apparel, Inc., a Corporation and therefore is not a proper party to obtain said temporary injunction." (Emphasis Supplied) Respondents pray that this matter be set forthwith for a hearing and for dissolution of the injunction.

On December 16, 1966, a copy of the injunction was served on "Ed Blair, Southern Organizer for Amalgamated Clothing Workers of America, AFL–CIO, an unincorporated association."

The record shows that on December 16, 1966, service was had upon three individual

respondents, namely, Ed Blair, Reba Montgomery, and Mattie Lane.

On December .15, 1966, counsel for respondents handed to counsel for .complainant a copy of an amendment to respondents' motion to dissolve. The amendment was filed December 16, 1966. In the amendment, respondents allege as ground .for dissolution that there is no equity in the bill.

On December 20, 1966, complainant filed its petition averring that on the morning of December 15, 1966, some of complainant's employees attempted to enter the plant and were attacked with rocks and stones, the roads were blocked, and the employees were threatened and were ordered to leave by the pickets; the pickets exceeded the number allowed by the court order; that on December 15, 1966, at 3:15 p. m. and at 15-minute intervals thereafter, complainant's general manager announced over the radio that an injunction had been obtained and requested the employees to report for work on Friday, December 16, 1966; that on the morning of December 16, 1966, several of complainant's employees came to the plant to work and found the streets blocked with pickets; that the crowds of pickets were threatening and the employees were made fearful of entering the plant; that later on the 16th, some of the pickets · moved out upon Underwood Road and threw rocks at two of complainant's supervisors who were passing along Underwood Road; that pickets have trespassed on complainant's property at will in violation of the court's order and have littered complainant's property with paper,

scrap wood, rocks, and ' other foreign objects; and that the respondent union and the individual respondents have exhibited contempt for the orders of the court in that they have directed the acts above described and, in some instances, have made threatening phone calls to some of complainant's employees who wished to work. Complainant prays that respondents be cited for contempt.

On January 4, 1967, complainant amended its petition by adding the averment that on January 3, 1967, pickets at the plant tried to prevent two of complainant's employees from entering and took hold of one employee and shook her and assaulted her.

On January 5, 1967, a rule issued to respondents to appear on January 18, 1967, and show cause why they should not be punished for contempt on account of the things set out in the petition filed by complainant seeking to have respondents cited for contempt. Hearing on the motion to dissolve the injunction was set for the same day. .

Testimony was heard ore tenus on January 18, 1967.

On January 18, 1967, the court overruled the motion to dissolve.

. On January 19, 1967, the court rendered a decree finding that the individual respondents were not guilty of contempt, but finding the union guilty of contempt and assessing a fine against it.[1]

The respondent union subsequently filed its petition in this court for certiorari to review the decree of the circuit court.

1. The decree recites:
    "That the Respondents, Ed Blair, Reba Montgomery, Masel Pace, Glenda Hatton, Jeanette Watson and Mattie Lane are not guilty of contempt of court and they are hereby discharged.
    "The Court finds from the evidence that the Amalagamated Clothing Workers of America, AFL–CIO, an unincorporated association, is guilty of contempt of court for that through its officers, agents, employees or members, they have violated the terms of the temporary injunction issued by the Register of this court, under the directions of the court on December 14th, 1966, in that it has, in various ways, interferred with employees of Prepmore Apparel, Inc., a corporation, as they have attempted to leave and enter the company's premises and has committed certain acts of violence, assault or threats
    . . . ."

## 1.

In the first section of its argument in brief, petitioner says:

"The trial court admitted testimony of events occurring before the injunction had been served on the respondents. The purpose of the testimony was, of course, to prejudice the petitioner. The evidence was not admissable (sic) for *any* reason whatsoever. Before mid morning on December 15, 1966, there was nothing to violate. Walker v. City of Birmingham, 279 Ala. 53, 181 So.2d 493. . . . ."

As we understand the argument, petitioner says the decree holding it in contempt ought to be quashed because the court permitted the introduction of inadmissible evidence. This court has said:

". . . . Again, it is sufficient to point out that we are not considering the trial in the lower court as if it were on appeal here but only because it is before this court on a petition for writ of certiorari. Accordingly, rulings on the evidence are not before us since these rulings do not show error apparent on the record. Ex parte Bankhead, supra [200 Ala. 102, 75 So. 478]; Ex parte Dickens, 162 Ala. 272, 50 So. 218." Ex parte Seymore, 264 Ala. 689, 693, 89 So.2d 83, 87.

■ Error to quash or reverse the decree of contempt is not shown by the first section of petitioner's argument.

## 2.

The second section of petitioner's argument is entitled as follows:

"PROPOSITION II. VIOLATION OF AN INJUNCTION IS NOT A CRIMINAL CONTEMPT IN THE ABSENCE OF CONDUCT EXHIBITING HOSTILITY FOR THE COURT."

To support this proposition, petitioner cites Root v. McDonald, 260 Mass. 344, 157 N.E. 684, and Brutkiewicz v. State, 280 Ala. 218, 191 So.2d 222. Petitioner, refer-

ring to the instant case as we understand it, says in brief:

". . . . Nothing that Petitioner did exhibited an (sic) contemptous (sic) attitude toward the court."

It is true that the instant record shows no contempt committed in the presence of the court, but petitioner is not charged with such contempt. The Massachusetts court said:

". . . . There is the simple averment of violation of the injunction. Of course that in itself is wrong enough; but there is not about it necessarily a distinctively criminal feature. . . .." (260 Mass. at 358, 157 N.E. 2d at 688)

■ Without necessarily agreeing with the opinion of the Massachusetts Court in every particular, we are of opinion that violation of an injunction is "wrong enough" to justify a finding of contempt. It is not clear to us just what petitioner is arguing under Proposition II, but we are of opinion that a party may be held in contempt for violating an injunction even ". . . . in the absence of conduct exhibiting hostility for the court," and that the absence of such conduct is not a good reason to quash the instant decree of contempt.

## 3.

The third section of petitioner's argument rests on Proposition III, which recites:

"PROPOSITION III. THE DECREE IS IN ERROR, IN THAT THE INJUNCTION ISSUED BY THE REGISTER IN THIS CAUSE IS VOID AND OF NO FORCE AND EFFECT, BY VIRTUE OF NON-COMPLIANCE WITH THE FIAT IN THAT NO GOOD AND SUFFICIENT BOND WAS EVER FILED AND BY VIRTUE OF THE LACK OF CAPACITY OF DON SIMPSON TO BIND PREP-

MORE APPAREL, INC., ON THE BOND."

Petitioner argues that the injunction was erroneously issued because the bond was insufficient, and that the bond was insufficient for two reasons: first, because Don Simpson had no authority to sign the bond on behalf of Prepmore Apparel, Inc., so as to bind it as principal on the bond; and, second, because neither the sureties on the bond nor the principal owned property in the amount of the bond.

The proceeding now before us is on petition for certiorari to review a decree holding a party in contempt and is not an appeal from a decree denying a motion to dissolve or discharge an injunction. Petitioner did file a motion to dissolve and the court did deny that motion, but the denial of that motion is not the action of the court here presented for review.

"  .  .  .  .  when a motion is made to discharge or a motion to dissolve a temporary injunction (not a restraining order) which has been ordered, the action of the court on such a motion is subject to appeal within thirty days under section 757 [of Title 7, Code 1940]. .  .  .  ." (Brackets added.) Francis v. Scott, 260 Ala. 590, 593, 72 So.2d 93, ¶ [3–5].

The case at bar does not present for review by appeal to this court the action of the trial court in refusing to dissolve the injunction. In Jones v. Ewing, 56 Ala. 360, this court reversed a decree dissolving an injunction on motion of one of the respondents. Among other things, the court said:

"After answering, the appellee Ewing moved the chancellor, in vacation, for an order dissolving the injunction. The notice of the motion given the appellant states, as its ground, 'for the want of equity in the bill, and upon the answer of the defendant Ewing, which has been filed in said cause.' On the hearing of the motion, the chancellor dissolved the injunction, because it 'was granted with-out any security or bond being required or given, as required by law, by complainant.' From this decree the present appeal is taken, and it is assigned as error.

"  .  .  .  .  .  .  .  .  .  .

"If the injunction has been irregularly granted, or if the order for it is erroneous, the remedy is not by a motion to dissolve. Such a motion, founded, as it can be, only on a want of equity in the bill, or the full and complete denial of its equity by the answer, is a waiver of the irregularity, if any has occurred, in the grant of the writ. Said Lord Elden, in Vissum v. Mortlock, 2 Mer. 477, 'The motion being to dissolve the injunction, I must take it that the injunction was properly granted.' The irregularity is a ground for a motion to *discharge*, not for an application to *dissolve* the injunction. Judan v. Chiles, 3 J. J. Marshall, 302; Hilliard on Injunction, 77; Kerr on Injunction, 632. The one is directed against the mode of granting or issuing the writ, and the other against the case made by the bill, or the sufficiency of the answer to overcome it. The irregularities are amendable, and may be cured whenever attention is called to them, and may exist when the bill abounds in equity, and the answer admits it. If the case made by the bill is not of equitable cognizance, no consent or waiver by the defendant can cure the defect, or relieve from error a decree pronounced against him. The irregularity may be waived, and, when waived, the court can not, *ex mero motu*, notice it.

"The irregularity for which the chancellor dissolved the injunction, was the failure of the judge ordering the issue of the writ to require the complainant to execute a bond, with surety, for the payment of damages if the injunction was dissolved.—R. C. § 3480 (sic). If it is conceded the order was for this reason irregular, it is voidable only, not void. The circuit judge had full au-

thority to grant it, and the order was binding and conclusive, until on a proper application it was vacated.—People v. Sturtevant, 9 New York, 266. On no application should the injunction have been discharged, or dissolved, absolutely and unconditionally, because of the failure to require such bond. It is against the current of our decisions to vacate process, or to dismiss suits (unless statutory requisition compels it), because of the failure to execute bonds which are intended as security against wrongful or vexatious suits. The order, on a proper application, should have been, that in a reasonable time a proper bond be executed, or the injunction discharged.

"The decree of the chancellor dissolving the injunction is erroneous, and must be reversed, and a decree here rendered overruling the motion to dissolve, reinstating the injunction, and remanding the cause. The appellee, Joseph H. Ewing, must pay the cost of the motion, and of the appeal." (56 Ala. at 361, 362, and 363)

█ It thus appears that defects in a bond which is given pursuant to an order authorizing the issuance of a temporary injunction does not render the injunction void.

In a later case this court, on appeal from a decree granting a temporary injunction after notice and hearing, reversed the decree ". . . . because it does not prescribe a bond to be executed by complainants." Morris v. Sartain, 224 Ala. 318, 321, 140 So. 373, 374. This court said, however:

"As we have said, the case of Jones v. Ewing, supra [56 Ala. 360], holds that an order for an injunction without a bond is not void, but only irregular and voidable. This has been reaffirmed on rehearing in Dothan Oil Mill Co. v. Espy, 220 Ala. 605, 127 So. 178. . . . ." (224 Ala. at 319, 320, 140 So. at 373.)

In Francis v. Scott, supra, referring to §§ 1043, 1059, Title 7, Code 1940, this court said:

". . . . An order made under either statute, without a bond, is erroneous but not void. . . . ." (260 Ala. at 592, 72 So.2d at 95).

More recently, this court quoted High on Injunctions as follows:

" 'Insufficiency of the bond does not of itself constitute ground for a dissolution of the injunction in the first instance, but a reasonable time should be allowed for filing a new bond, the injunction meanwhile continuing in force. . . . .'" Raphael Per L'Arte, Inc. v. Lee, 275 Ala. 307, 310, 154 So.2d 663, 666.

█ It is clear that the injunction was not void in the instant case; that, even if the alleged defects in the bond had been properly pleaded and proved, the defects would not have relieved the respondents from their duty to obey the injunction until it was dissolved or discharged as provided by law. The alleged defects in the bond furnish no ground to quash the decree of contempt.

4.

Petitioner contends that the evidence is insufficient to sustain the finding of contempt against petitioner.

Counsel for petitioner stated to the court that he filed the respondents' motion to dissolve the injunction ". . . . MID MORNING APPROXIMATELY 10:30 . . . ." on December 15, 1966. Complainant's amendment to the rule to show cause was filed January 4, 1967. Petitioner appears to concede that it was bound by the injunction during the period of time between 10:30 a. m. on December 15, 1966, and January 4, 1967, although the injunction was not served on petitioner until December 16, 1966.

"It is hardly necessary to add that a party who has proper notice of an in-

junction is bound by it, though it is never served upon him . . . .." In re Rice, 181 F. 217, 221; Walker v. City of Birmingham, 279 Ala. 53, 181 So.2d 493.

 When respondents filed their motion to dissolve the temporary injunction, they showed that they had proper notice of the injunction, and, therefore, they were thereafter bound by the injunction.

Counsel for petitioner stated in open court:

". . . . THERE IS NO TESTIMONY THAT WOODY BIGGS IS AN OFFICER, AGENT OR EMPLOYEE OF THE UNION, BUT I TELL THE COURT, AS AN OFFICER OF THE COURT THAT HE IS. . . . ."

Geral Baker testified that when she was seized by the arm on January 3, 1967, Biggs was present and had a short-wave radio in his hand. There is testimony that Biggs was present at other times and other occasions. We will not undertake to set out the evidence which tends to show petitioner's participation in the acts which were violations of the injunction such as rock throwing, persons congregating at the plant in numbers exceeding three pickets per entrance, and interfering with employees seeking to enter the plant. What this court said in Ex parte Evett, 264 Ala. 675, 679, 680, 89 So.2d 88, appears to be appropriate here.

"Petitioners also contend that there is a failure of proof as to the commission by the Union of the acts alleged in the petition for a rule to show cause. As before stated, the evidence was heard ore tenus by the trial judge. In the case of Robertson v. State, 20 Ala.App. 514, 104 So. 561, 572, it was stated:

"'As a general rule, a reviewing court in contempt proceedings will not consider pure questions of fact. The court, however, may determine whether the alleged contemptuous conduct constitutes a contempt in law.'

In Ex parte Bankhead, 200 Ala. 102, 75 So. 478, 479, this court stated:

"'As the record in this case shows that the trial court was clothed with jurisdiction in the matter, and committed no error of law apparent upon the record, the writ must be denied; as this court will not review or revise the conclusion and judgment of the trial court upon the facts under the writ of certiorari. Dickens case [Ex parte Dickens], 162 Ala. 272, 50 So. 218; McAllilley v. Horton, 75 Ala. 491; Miller v. Jones, 80 Ala. [89] 93; Stanfill v. Board of Revenue, 80 Ala. [287] 290; McCulley v. Cunningham, 96 Ala. [583] 585, 11 So. 694; Taliaferro v. Lee, 97 Ala. [92] 102, 13 So. 125.

"The decree of the lower court is due to be affirmed and it is so ordered."

Affirmed.

LIVINGSTON, C. J., and SIMPSON, BLOODWORTH, and McCALL, JJ., concur.

